JAMES McGUIRK

*v.*

GEORGE BURRY.

1. APPELLATE JURISDICTION OF SUPREME COURT—*from an Appellate court—in forcible detainer.* The 90th section of the Practice act, as amended by the act of 1877, controls in the matter of jurisdiction in the Supreme Court to review, upon appeal or error, the rulings of an Appellate court.

2. Under that section, an appeal will not lie to the Supreme Court to review the decision of an Appellate court in an action of forcible detainer between landlord and tenant, the record containing nothing to show that the sum or value in the controversy exceeds $1000. In such action there is no freehold involved, to give the right of appeal,—it is purely a possessory action, in which the title is not drawn in question.

3. SAME—*as to alleged conflict between the 90th section of the Practice act and the 8th section of the Appellate Court act.* There is no conflict, in respect to the character of case mentioned, between the 90th section of the Practice act of 1877, controlling appeals from the Appellate courts to the Supreme Court, and section 8 of the act creating the Appellate courts, giving the right of appeal in certain cases direct from the trial court to the Supreme Court. This case is not within either of those sections.

4. SAME—*amount involved—how ascertained.* Where the right of appeal is claimed on the ground that the amount involved in the controversy exceeds $1000 exclusive of costs, that fact must be shown by the party appealing, and it must appear from the transcript of the record. It will not be presumed, nor will evidence be heard in this court to establish the fact.

APPEAL from the Appellate Court of the First District.

Mr. RUFUS KING, for the appellant.

Mr. GEORGE BURRY, for the appellee.

Per CURIAM: This was an action of forcible detainer, brought before a justice of the peace, in Cook county. A judgment was recovered against defendant, who appealed to the Superior Court, where, on motion of appellant, the appeal was dismissed. A motion to set aside the order dismissing the appeal was overruled, and the cause was removed to the Appellate Court, where the judgment of the Superior Court was affirmed, and an appeal to this court was granted and perfected; and the question is presented, whether the statute regulating practice in the Appellate courts authorizes an appeal in such a case to this court.

The 90th section of the Practice act, as amended in 1877, provides, that in all criminal cases, and in all cases where a franchise or freehold, or the validity of a statute is involved, and in all other cases where the sum or value in the controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate courts on errors assigned, if the judgment be that the order, judgment or decree of the court below be affirmed, or if the final judgment or order rendered be such that no further proceedings can be had in

the court below, except to carry into effect the order of the Appellate Court, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error, in the same manner as is provided in sections sixty-seven and seventy of that act for appeals to the Appellate Court.

This section controls appeals from the Appellate Court to this court. Nor is it perceived that it conflicts with the provisions of section eight of the act establishing the Appellate courts, in the class of cases to which this belongs. That section gives an appeal from or writ of error to the circuit, Superior, and city courts direct, to or from this court, in all criminal cases, and in all cases involving a franchise or freehold, or the validity of a statute. In all cases determined in the Appellate courts in actions *ex contractu,* where the amount involved is less than $1000 exclusive of costs, and in all cases sounding in damages in which the judgment of the court below is less than $1000 exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment shall be final, and no appeal shall lie or writ of error be prosecuted therefrom.

We fail to see how this provision in anywise gives an appeal from the Superior Court to this court, in a case of forcible detainer. It specifies the cases in which appeals lie to this court from the Superior Court, but does not embrace this case.

It will be seen that appeals to this court, from the circuit, Superior or city courts, in this class of cases, is not embraced in either of these sections. It is not a criminal case, nor does it involve a freehold or a franchise, or the validity of a statute. Nor does it appear that the sum or value in controversy exceeds $1000, exclusive of costs. A proceeding in forcible detainer does not involve or call in question the title to land. In such a proceeding the title can not be called in question or tried, but simply to try and determine whether the lease of the tenant has determined, and whether the landlord is

entitled to possession of the premises and the tenant withholds them from him.

When an appeal is claimed on the ground that the sum involved exceeds $1000 exclusive of costs, that fact must appear from the transcript of the record filed in this court. We can not presume it does, nor can we hear evidence to establish the fact. We can look alone to the record to see whether it appears. The party claiming the right to appeal must show that it is authorized by the law. The statute not giving an appeal, it must be dismissed.

*Appeal dismissed.*