AURELIA LEWIS

*v.*

J. C. SHEAR *et al.*

1. APPEALS—*creature of the statute only.* The right of appeal does not exist at common law, but is conferred alone by statute. This being so, the time and manner of appealing must be governed by the statute, and an appeal can only be taken when thus allowed.

2. SUPREME COURT—*appellate jurisdiction is limited.* The judgments of the Appellate courts are final in actions *ex contractu* where the amount involved is less than $1000 exclusive of costs, and in all actions sounding in damages where the judgment of the circuit, or other lower court, is for less than $1000, exclusive of costs, and it is affirmed by the Appellate Court. In such cases this court has no jurisdiction to review the decision of the Appellate Court on appeal or writ of error, except in criminal cases, or where a franchise or a freehold or the validity of a statute is involved, or where the judges of the Appellate Court certify that the case involves questions of such importance, either on account of principal or collateral interest, as that it should be passed upon by this court.

3. SAME—*how facts must be shown to give this court jurisdiction of appeals, etc.* In order to give this court jurisdiction to review the judgment of an Appellate court on the ground that the amount in controversy exceeds $1000, it must appear from the record that the sum involved or value of the property in litigation exceeds that amount exclusive of costs. This can not be shown, by the averments in the declaration, nor will this court hear evidence to determine the question.

APPEAL from the Appellate Court of the Second District; the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and Hon. GEO. W. PLEASANTS and Hon. LYMAN LACEY, Justices.

Mr. M. B. WRIGHT, for the appellant.

Mr. DANIEL H. PADDOCK, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was action of replevin brought in the Iroquois circuit court by appellant, against the sheriff, for the recovery of property levied upon by him on an execution against her husband. She claims that the property had been transferred to her, by deed from her husband, on the 23d of September, 1878. The bill of sale was recorded on the same day. On the next day a judgment was recovered by the Keystone Manufacturing Company against Elisha Lewis, the husband of appellant. An execution was issued, placed in the hands of the sheriff, and levied on a portion of the goods named in the bill of sale, and they were replevied by appellant.

On a trial in the circuit court the issues were found for defendant. A judgment of *retorno habendo* and for costs was rendered, and plaintiff appealed to the Appellate Court of the Second District, in which, on a hearing, the judgment of the circuit court was affirmed, and an appeal was prayed and granted to this court, and the record is brought here, and errors are assigned.

The judgment is not for $1000 or more, nor have the judges of the Appellate Court certified, under the statute, that the case involves questions of such importance, either on account of principal or collateral interest, as that they should be passed upon by this court. The petition for the appeal alleges that it is averred in the declaration that the property replevied was worth more than $1000. The averment is that it is worth $2000, and it was claimed that this averment authorized

the appeal, and it appears the appellate judge who granted it was of that opinion.

Appeals, as has long been settled by this court, do not exist at common law, but are alone given by statute. This being true, the time and manner of appealing must be governed by its provisions, and can only be taken when thus allowed.

The act creating and defining the jurisdiction of the Appellate courts, by the 8th section provides that in actions *ex contractu,* where the amount involved is less than $1000 exclusive of costs, it shall be final, and in all actions sounding in damages, if the judgment of the court below shall be less than $1000 exclusive of costs, and it shall be affirmed by the Appellate Court, it shall be final.

Here there is a clear distinction made between the two classes of actions. Where the action is *ex contractu* the amount involved must be $1000 or more, exclusive of costs, before an appeal from, or a writ of error will lie to, the Appellate Court. But where the action sounds in damages the judgment of the lower court must be $1000 or more, and affirmed by the Appellate Court, before it can come to this court.

But it is not provided how it shall be ascertained whether the amount involved in actions *ex contractu* is over $1000.

But the 90th section of the Practice act (Sess. Laws, p. 153, acts 1877,) has this provision: "In all criminal cases, and in all cases where a franchise or a freehold, or the validity of a statute is involved, and in all other cases when the sum or value in the controversy shall exceed $1000, exclusive of costs, which shall be heard in any of the Appellate courts upon errors assigned, if the judgment of the Appellate Court be that the order, judgment or decree of the court below be affirmed, or if final judgment or decree be rendered therein in the Appellate Court, or the judgment, order, or decree of the Appellate Court be such that no further proceeding can be had in the court below, except to carry into effect the mandate of the Appellate Court, any party to such cause shall

be permitted to remove the same to the Supreme Court by appeal, or writ of error, in the same manner as provided in sections 67 and 70 of this act for appeals to said Appellate Court."

In view of these provisions what is the correct practice? Are we to take the mere averment of the sum or value of the matter in litigation as the means of determining whether appeal or error lies? The 11th section of the Judiciary article of our Constitution authorizes the General Assembly to organize and establish these courts, and, except in enumerated classes of cases, to make the judgments and decrees of these courts final. And there can be no doubt it was for the promotion of justice, preventing delay from an over accumulation of business in this court, that the power was conferred. And the General Assembly manifestly so understood it; for that body, by these enactments, undoubtedly provided that all cases where the judgment or the matter in litigation was less in value than $1000, in the circuit or lower court, should be final when affirmed in the Appellate Court. No one will contest this proposition. Then shall we defeat that intention by holding that the party may evade it by a mere averment of value, or a sum, without regard to the actual value or sum in controversy? May a plaintiff, in his declaration, aver that a trifling matter is of the value of over $1000, or by adding common counts claiming more than that sum,—or a defendant, by a plea of set-off, claiming judgment over, invest himself with the right of appeal or to a writ of error in cases involving, it may be, but a few dollars, in despite of the statute? We think not. We must give the statute some force, or render these courts, maintained at a heavy expense, totally useless,— and more than that, simply a source of useless expense to litigants, and of delay in administering justice.

In the case of *McGuirk* v. *Burry*, (*ante*, p. 118,) we held that it must appear from the record that the sum or value of the property in litigation was more than $1000; that we would not hear evidence to determine the question. How, then,

should it appear by the record? Where the judgment or decree is for money, and it is for $1000, or more, or where the verdict shows a finding for that sum, or more, there can be no doubt of the right to appeal or to prosecute error, and the fact in such case appears from the record. But where it does not so appear, can any other means be employed for the purpose? If, in an action of replevin, we could look to the affidavit filed in the clerk's office for the purpose of obtaining the writ, to learn the value placed on the property by the plaintiff, still in this case he swore it was of the value of $975. So, by this test, even if it could be adopted, we find that under neither section is an appeal allowed. Or, if we were permitted to look into the evidence in this case to find the value of the property in controversy, there is none that proves or tends to prove it.

Until the record shows in some manner that the party is entitled to an appeal, or to prosecute error to the Appellate Court, we are unable to take jurisdiction and decide cases from the Appellate Court. Nothing of the kind appearing in this record, the appeal was improvidently granted, and it must be dismissed.

*Appeal dismissed.*