ANSON S. PIPER *et al.*

*v.*

AUGUSTUS JACOBSON.

*Filed at Ottawa March 18, 1881.*

1. APPEAL *from an Appellate Court—as to the amount involved—jurisdiction.* On an appeal from an Appellate Court to this court, where the jurisdiction of this court depends upon the amount involved, the fact in that regard should appear from the record, or by certificate from the Appellate Court or judges, in granting the appeal. This court will not hear evidence in order that it may determine whether the appeal was rightfully taken, nor will averments in the pleadings be regarded as showing the fact.

2. On bill by the receiver of a bank, against the bank, its stockholders, and to which the creditors of the bank were made parties, after an appeal to an Appellate Court, some of the creditors appealed from the Appellate Court to this court. The purpose of the bill was to enforce the liability of the stockholders for the debts of the bank. A decree was entered directing certain of the stockholders to pay to the receiver for the benefit of creditors the sum of $35,000, but it did not appear that the claim of either of the creditors who took the appeal was for the sum of $1000, or more, and as the jurisdiction of this court depended upon that fact, it was held the appeal was improvidently taken.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

This was a suit in chancery, instituted in the Superior Court of Cook county for the purpose of enforcing the liability of the stockholders in the " Bank of Chicago," for the debts of the bank, and to subject the assets of the bank to

the claims of creditors. Certain of the creditors, who were parties to the suit, appealed from the decree of the trial court to the Appellate Court for the First District, where the decree was affirmed. Thereupon an appeal was taken from the Appellate Court to this court. The only question now considered is whether this second appeal will lie.

Messrs. SHUFELDT & WESTOVER, for the appellants.

Messrs. MATTOCKS & MASON, and Mr. ALFRED BISHOP MASON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The record in this case discloses the fact that Cunningham filed a bill, and subsequently, an amended bill, against the bank and all of the stockholders and a portion of its creditors, as a judgment creditor. He alleges that he had recovered a judgment against the bank, had sued out an execution thereon which had been returned no property found, and it was unsatisfied; that the bank had suspended business and was insolvent; that there were numerous creditors of the bank; that the bank officers and the stockholders attempted by collusion to defraud creditors, and escape liability by appropriating its assets; had made an assignment to one Coates, apparently for the benefit of creditors, but to defraud them.

He further alleges, that creditors had commenced fictitious suits against stockholders, and makes them parties. He prays a discovery; that the assignment to Coates be set aside as fraudulent, and the property be transferred to a receiver; that the stockholders, or some of them, be decreed to pay his judgment, and they be decreed to pay a *pro rata* amount sufficient to satisfy the same.

The stockholders answered, some denying all liability, others admitting theirs, and still others that they had been liable, but had discharged the liability by recovery of judgments against them by creditors of the bank, which they had

391 PIPER et al. v. JACOBSON.

paid.   A portion set up that there were a number of suits by creditors of the bank, in which judgments had been recovered, but were not satisfied, or that such suits were still pending.

The creditors who were in court answered, stating they had brought suits at law, some that they had recovered judgments against stockholders, but they were unsatisfied, and others that they had brought such suits, but had not recovered judgments.   They all insisted they had a legal right to maintain suits at law, and against the several stockholders, and were not required to sue the stockholders jointly, and that the remedy for a recovery was at law, and not in chancery, and that the court could not deprive them of their legal remedies or the rights they had obtained and recovered in their several actions at law.

Afterwards, the deed of assignment by the bank to Coates was set aside and a receiver appointed, who filed a similar bill, and praying for the same relief as Cunningham had. To it similar answers were filed.   He then filed a petition against Munger and Hatch, asking an order that they pay the amount of their liability, under the charter, as stockholders, to him for the benefit of creditors of the bank.   They answered the petition.   Hough, the receiver, then resigned and Jacobson was appointed in his stead.

The cases of Cunningham against the bank, stockholders, etc., and the bill of Hough against the same parties, were consolidated, and a reference was made to the master to report. The petitions against Munger and Hatch were referred to the master to hear and report the evidence.   He reported the amount of stock they severally held, and the court rendered a decree that Munger pay the receiver $25,000, and Hatch pay to him $10,000.   Piper and other creditors appealed to the Appellate Court, where, on a hearing, the decree of the Superior Court was affirmed, and they bring the case to this court and assign errors.

As this case comes from the Appellate Court, we can not entertain the appeal unless it is given by the statute.   Appel-

lee insists that it must be dismissed because there is nothing in the record to show that the claim of either appellant is $1000 or more. We have examined the record with some care and have been unable to find any such finding or proof. Nor have counsel for appellants, in their argument on the motion to dismiss, referred us to the portion of the record where such evidence of the fact may be found. The construction we have given to the statute requires that this fact should appear from the record, or by certificate from the Appellate Court or judges, in granting the appeal. See *Mc-Guirk* v. *Burry,* 93 Ill. 118; *Lewis* v. *Shear,* ibid. 121 ; *Morris* v. *Preston,* ibid. 215, and *Hancock* v. *Tower,* ibid. 150. It was held we would not hear evidence to determine whether the appeal was rightfully taken, nor would averments in the pleadings be regarded as showing the fact.

But it is said the decree in favor of Jacobson and against Munger and Hatch is for $35,000, and appellants were parties to that record. This is true, but they were creditors of the bank, and their complaint is that the decree diminishes the amount they are entitled to receive. Concede this to be true, still there is nothing to show the amount of the debt of either appellant is $1000 or more. Even if by that decree they were to lose their several debts, we can not presume, in the absence of anything to show the amount, that either appellant has a claim of $1000 or more.

When the motion to dismiss was made, as it involved an examination of the record to learn the precise attitude of appellants to the case, the motion was, therefore, reserved to the hearing, that more time could be had for the examination. But we thereby find that the appeal was improvidently granted, and it is dismissed.

*Appeal dismissed.*