Maggie R. Flagg

*v.*

Samuel Walker.

*Filed at Springfield March 26, 1884.*

1. Appeal—*as to amount in controversy—in forcible detainer.* A writ of error lies to the Appellate Court to review its judgment in an action of forcible detainer, when the record shows that the rental value of the premises for the term in controversy exceeds $1000.

2. Removal of causes—*from State to Federal court—time of filing petition therefor.* A party to a suit in the State court desiring to remove the same to the Circuit Court of the United States, under section 3 of the act of Congress of 1875, must present his petition for that purpose before or at the term at which the cause can be first tried, and before the trial thereof. It has been held this means the term at which the issues are first made up, the party applying not having been guilty of negligence.

3. A complaint in an action of forcible detainer was filed during the April term, and on the fifth day of the term, and on the next day the appearance of

the defendant was entered by counsel and the service of process waived. Nothing more was done at that term. At the next term the defendant, before the trial, filed a petition to transfer the cause to the Federal court, and gave the necessary bond, but the court refused to transfer the cause: *Held*, that the defendant was not chargeable with negligence in not pleading to the complaint at the April term, there being no agreement to try the cause at that term, and that the court erred in refusing to grant the prayer of the petition.

4. PRACTICE—*entry of appearance—in action commenced during the term.* Where an action is commenced during the term of court in which it is brought, the defendant, to avoid the expense of issuing and serving process for the next succeeding term, may enter his appearance without subjecting himself to a compulsory trial at the term such entry is made.

5. SAME—*standing rule to plead by a certain day—as to suit brought after that day.* A standing rule of a circuit court requiring parties to common law actions to plead by "Friday of the first week," can have no application to an action of forcible detainer in which the defendant is not in court until after that day.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action of forcible detainer, brought in the circuit court of McLean county, by Samuel Walker, against Maggie R. Flagg, to recover possession of the premises described in the complaint as the "Empire Machine Works." At the September term, 1882, a trial of the cause, on a plea of "not guilty," was had before the court, without the intervention of a jury, which resulted in finding the issues for plaintiff, and judgment that he recover possession of the premises. That judgment was afterwards affirmed in the Appellate Court for the Third District, and defendant brings the case to this court on error.

Mr. T. F. TIPTON, and Mr. H. V. TIPTON, for the plaintiff in error.

Messrs. STEVENSON & EWING, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

A motion was made to dismiss the writ of error in this case for want of jurisdiction. The grounds of the motion are, that the sum of $1000 is not involved in the litigation. There is no pretense there is any other question involved that would give this court jurisdiction. The rental value of the premises for the term in controversy seems, from the record, to be more than $1000, and, on the principle of the recent case of *Jordan* v. *Davis,* 108 Ill. 336, a majority of the court are of opinion the writ of error will lie. The motion to dismiss must therefore be overruled.

At the September term, 1882, defendant filed her petition and bond, conforming to the act of Congress in that respect, asking to have the cause transferred to the circuit court of the United States for the Southern District of Illinois, she being a citizen of the State of Illinois, and plaintiff being a citizen of the State of Massachusetts. No objection is taken to the form of the petition, nor to the sufficiency of the bond. The only objection insisted upon is, the application was not made in apt time,—that is, it should have been made at a former term of the court. The practice in such cases would seem to be so definitely provided for in the act of Congress on this subject as to require no construction. Section 3, of the act of 1875, declares a party seeking a removal of a cause from the State to a Federal court must present his petition in the suit in the State court before or at the term at which such cause could be first tried, and before the trial thereof. It has been held the term at which a cause could be first heard, within the meaning of this act, is the term at which the issues are first made up, the party applying for the removal not having been guilty of negligence. *Scott* v. *C. and S. R. R. Co.* 6 Biss. 529; *New York Warehouse and Security Co,* v. *Loomis,* 122 Mass. 431.

The facts of the case being considered bring it clearly within the provision of the act of Congress in relation to the removal of causes from the State to the Federal court. It appears the complaint was filed in term time of the April term of court, 1882. That was the commencement of the suit. The record shows the regular April term, 1882, of the McLean county circuit court, commenced on the 4th Monday of April, that being the 24th day of the month, which is the time fixed by public law for it to convene. It is seen the complaint was filed on the 28th day of the month, and on the next day, the 29th day of the month, being the sixth day of the April term, 1882, the appearance of defendant was entered by counsel, and the service of process waived. That is all the record discloses was done at that term of court. What private agreement counsel may have had can not be considered, as it does not appear in the record. It is certain the cause was not brought to issue at the April term, 1882. The statute seems to require only a general denial, as, "not guilty," to put the case at issue. That was not pleaded at that term of court, and it can not be said the case was at issue for trial. But was defendant guilty of *laches* in not pleading at that term of court? Under the facts as they appear of record it would seem she was not. It was not agreed the cause should be tried at that term of court. Counsel agreed, in writing, to enter the appearance of defendant, and waive the issuing and service of summons; that the entry of appearance should have the same effect as if summons had been issued and served more than ten days prior to that term of court, and the case to be docketed, and take its place at the foot of the common law appearance docket for that term. All the record shows that was done is, the appearance of defendant was entered by counsel, and the issuing and service of process waived. Nothing more appears to have been done. But if the entry of the appearance of defendant had contained every-

thing embraced in the writing signed by counsel, it will be perceived it contains no agreement to try the cause, or even to make up the issues at that term of court. The case having been commenced in term time, defendant could not have been compelled to submit to a trial of the cause at that term, although she was willing to and did enter her appearance. That might have been done to avoid the expense of issuing and serving process for the next succeeding term of court,— a thing she might do without subjecting herself to a compulsory trial at that term of court.

It is not perceived how the standing rule of court that requires parties to common law actions to plead by "Friday of the first week," can have any application to this case. Defendant was not in court until Saturday of the first week of the term, and she was certainly in no default in not observing a rule that had expired before she was in court. No rule was laid upon her at that term to plead to the action against her, and no *laches* can be imputed to her for not pleading, when she was not required to do so by any general or special rule of court. It is plain the September term, 1882, was the first term of court at which the issues in the cause were made up, and it was the first term of court at which the cause, in the language of the act of Congress, "could be first tried," and as the application to remove the cause to the Federal court was made at that term of court, "and before the trial," it was in apt time, and the circuit court should have allowed the motion.

The judgment of the Appellate Court will be reversed, and the cause remanded for further proceedings conforming to this opinion.

*Judgment reversed.*

WALKER and CRAIG, JJ.: We do not concur in either the reasoning or conclusion in this case.