Syllabus.

WILLIAM MacLachlan *et al.*

*v.*

WILLIAM F. McLaughlin.

*Filed at Ottawa November 15, 1888.*

126 497
127 394

126 427
132 528

126 427
136 35

126 427
64a 117

126 427
168 178

126 427
192 ²459

126 427
110a ᶜ573

1. APPEALS AND WRITS OF ERROR—*writ of error defined.* A writ of error is a writ issued out of a court of competent jurisdiction, directed to the judges of a court of record in which final judgment has been given, and commanding them to send the record to the court of competent and appellate jurisdiction therein named, to be examined, in order that some alleged error in the proceedings may be corrected.

2. SAME—*certificate of importance—when necessary—conditions to granting it—time for asking it, etc.* In an action *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, or in an action sounding in damages, wherein the judgment of the court below is less than that sum, exclusive of costs, the case can not be brought to this court from the Appellate Court, except upon a certificate of importance by a majority of the judges of the latter court, as prescribed by section 8 of the Appellate Court act.

3. Whenever a majority of the judges of the Appellate Court, on proper petition filed, grant a certificate of importance in a case involving less than $1000, the party obtaining the same will have the right to take the case to the Supreme Court, as well by writ of error issuing from the Supreme Court to the Appellate Court, as by appeal from the Appellate Court to the Supreme Court.

4. It is a condition precedent to such right of appeal and the right to a writ of error, in cases involving less than $1000, that the party desiring to exercise such right shall first obtain from a majority of the judges of the Appellate Court a certificate, that in their opinion the case decided by them involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court.

5. The granting of such certificate involves judicial investigation and action, and it follows, such investigation and action must be exercised at a time when such judges have jurisdiction in respect to the matter. The power to hear and determine a matter is jurisdiction.

6. A party desiring a certificate of importance, to be used as the basis of an appeal or writ of error to review the judgment of the Appellate Court in this court, must apply therefor, by petition, within twenty days after the rendition of such judgment, otherwise the Appellate Court, or the judges thereof, will have no jurisdiction to act in the matter. The statute on the subject continues the jurisdiction of that

428     MacLachlan *et al. v.* McLaughlin.

court, or the judges thereof, to grant appeals and certificates of importance in vacation, for twenty days after final judgment.

7. A judgment in an action *ex contractu,* for less than $1000, was affirmed by the Appellate Court in April, 1883, and the party against whom the judgment was rendered, applied, on June 17, 1887, to the Appellate Court, for a certificate of importance, to enable him to bring the case to this court by writ of error, which was granted, and a writ of error was issued from this court: *Held,* that by reason of the lapse of time beyond the twenty days, the Appellate Court had no jurisdiction to grant the certificate, and that it was a nullity, and the writ of error was dismissed.

8. Same—*construction of the statutes.* Section 90 of the Practice act, relating to appeals from the Appellate Court, and the several sections of the Appellate Court act, are *in pari materia,* and are to be construed together.

9. Jurisdiction—*beyond the term.* The general rule is, that a court has jurisdiction and authority to act judicially only in term time, and only at the term or terms at which the cause is pending, and that such jurisdiction and authority cease with the close of the term at which final judgment is entered. But this general rule is in various ways qualified by various statutory enactments. Such statutes, however, only modify the rule in respect to the particular matters or proceedings covered by them.

Writ of Error to the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. McCoy, Pope & McCoy, for the plaintiffs in error:

The Appellate Court had jurisdiction to grant the certificate of importance. *Fuller* v. *Bates,* 96 Ill. 132; 6 Bradw. 442.

The writ of error is a writ of right, while an appeal in common law cases is purely statutory. *Harding* v. *Larkin,* 41 Ill. 413; *Haines* v. *People,* 97 id. 161.

Mr. W. W. Gurley, for the defendant in error, cited, in support of his motion to dismiss the writ, the following authorities: *Keiser* v. *Cox,* 116 Ill. 26; *Ellis* v. *Von Ach,* 14 Bradw. 194; *Coates* v. *Cunningham,* 100 Ill. 463; *Dunham* v. *South Park Comrs.* 87 id. 185; Rev. Stat. chap. 37, sec. 28; Practice act, sec. 91.

Mr. Justice Baker delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, in which judgment was rendered on the 6th day of June, 187ҩ, for $829.52.   Upon appeal to the Appellate Court for the First District the final judgment of the latter court was entered on the 24th of April, 1883.   The amount involved being less than $1000, the case could not be brought to this court except upon a certificate of importance by a majority of the judges of the Appellate Court, as prescribed by section 8 of the Appellate Court act.   The petition of the plaintiffs in error for a certificate of importance was not presented to the Appellate Court, nor was such certificate granted by that court, until June 17, 1887,—more than four years after the judgment of that court, which is here complained of, was rendered.   At the term the case was submitted in this court for decision, a motion was made by defendant in error to dismiss the writ of error herein, and that motion was reserved for consideration until the final hearing of the cause.   The claim of defendant in error is, that the certificate of importance was not applied for or obtained in apt time, and that the Appellate Court had no jurisdiction to grant such certificate so long after the rendition of the final judgment of that court.

Section 8 of the Appellate Court act provides, among other things, that "in all cases determined in said Appellate Courts, in actions *ex contractu,* wherein the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages, wherein the judgment of the court below is less than $1000, exclusive of costs, and the judgment is affirmed or otherwise finally disposed of in the Appellate Court, the judgment, order or decree of the Appellate Court shall be final, and no appeal shall lie or writ of error be prosecuted therefrom :   *  *  *   *Provided, also,* that in any case a majority of the judges of the Appellate Court shall be of opinion that a case decided by them, involving a less sum than $1000,

exclusive of costs, also involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may, in such cases, grant appeals and writs of error to the Supreme Court on petition of parties to the cause, in which case the said Appellate Court shall certify to the Supreme Court the grounds of granting said appeal."

The language of the proviso above quoted is somewhat inaccurate. The judges of the Appellate Court do not grant writs of error to the Supreme Court. The Supreme Court issues the writ of error to the Appellate Court. A writ of error is a writ issued out of a court of competent jurisdiction, directed to the judges of a court of record in which final judgment has been given, and commanding them to send the record to the court of competent and appellate jurisdiction therein named, to be examined, in order that some alleged error in the proceedings may be corrected. Notwithstanding the inaccuracy of the language used in the proviso in question, it is plainly the intention of such proviso, that when a majority of the judges of the Appellate Court grant a certificate of importance, the party petitioning for and obtaining such certificate shall have the right to take his case to the Supreme Court, as well by *writ of error* issuing from the Supreme Court to the Appellate Court, as by *appeal* from the Appellate Court to the Supreme Court. The proviso permits the use of either mode of getting the case before the court of final review,—either the remedy by appeal or the remedy by writ of error.

But it is a condition precedent, in these cases involving less than $1000, to such right of appeal and such right to sue out a writ of error, that the party desiring the benefit of either of these remedies should first obtain from a majority of the judges of the Appellate Court a certificate that in their opinion the case decided by them involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court.

The granting of such certificate of importance very clearly involves judicial investigation and action.　It is evident, therefore, that the petition for such certificate should be presented to and be considered and passed upon by the Appellate Court, or a majority of the judges thereof, at a time when it or they have jurisdiction in respect to the cause or matter wherein they are to exercise the judicial powers and functions necessarily employed in the acts of determining whether or not questions of law of requisite importance are involved in the controversy, and of certifying to the Supreme Court the grounds for granting a certificate.

The power to hear and determine a matter is jurisdiction. The general rule is, that a court has jurisdiction and authority to act judicially only in term time, and only at the term or terms at which the cause is pending, and that such jurisdiction and authority cease with the close of the term in which the final judgment of the court in such cause is entered.　This general rule is, in various ways, qualified by various statutory enactments, but these enactments modify the rule only in respect to the particular matters or proceedings covered by such statutes.

Section 15 of the Appellate Court act provides that the judges of the Appellate Courts, respectively, or a majority of them, may enter orders and judgments in vacation, in all cases which have been argued and submitted to the courts during any term thereof, and which shall have been taken under advisement.　Section 8 of the same act is, as we have seen, to the effect that where less than $1000 is involved, no appeal or writ of error lies to take the case from the Appellate to the Supreme Court, without a certificate of importance is first obtained from a majority of the judges of the first named court.　Section 90 of the Practice act (Laws of 1877, pp. 153, 154,) provides that an appeal from the Appellate to the Supreme Court must be prayed for within twenty days after the rendition of the judgment, order or decree to be appealed from.

This section 90 of the Practice act, and the several sections of the Appellate Court act, are *in pari materia,* and are to be construed together. (*Young* v. *Stearns,* 91 Ill. 221.) From a consideration of these several statutory enactments it seems to follow, as a matter of necessary implication, that a party desiring a certificate of importance, to be used as the basis of an *appeal* to the Supreme Court, must petition and make application therefor to the Appellate Court or the judges thereof, within twenty days after the rendition of the judgment to be appealed from; and it also seems to follow, from such consideration, that the jurisdiction of the Appellate Court, or of the judges thereof, to entertain and consider the matter of such application, at least for the purposes of an *appeal,* ends with the expiration of said twenty days, unless within that time the petition for the certificate is presented or filed, and the judicial action in that behalf, of the court or its judges, invoked.

The effect of the statutes allowing the judges of the Appellate Courts to enter orders and judgments in vacation in cases held under advisement, and permitting parties litigant to pray for appeals within twenty days after the rendition of judgments, whether such courts be in session or not, and authorizing the judges in vacation to make all orders necessary for the perfecting of such appeals, and empowering the judges to entertain, consider and pass upon petitions for certificates of importance, is to continue the jurisdiction and authority of such courts and judges to judicially investigate and act, in respect to such cases, until final judgments are entered, and until such applications for appeals, and such applications for certificates of importance as may be made within twenty days after the rendition of the several judgments, orders and decrees, are acted upon and the necessary orders and certificates made.

The certificate of importance, when once obtained, will serve as the basis either of an appeal or of a writ of error, as the party

procuring it may elect. A case decided by the Appellate Court, and involving less than $1000, is placed, by the granting of the certificate, upon the same footing as a case that involves more than $1000, so far as the jurisdiction of the Supreme Court is concerned. The remedy by appeal to the Supreme Court, and the remedy by writ of error from the Supreme Court, in those cases involving less than $1000, are given by one and the same provision of the statute, and are predicated upon one and the same certificate of importance. The time within which such certificate must be applied for, is, by necessary implication, limited to twenty days after final judgment if the one remedy is pursued, and no sufficient reason is perceived for holding that a different limitation should apply in the event the other remedy is invoked. Full force can be given to all the provisions of the statute without being driven to any such extreme doctrine as that the judicial power and jurisdiction of the court over a cause, and the parties thereto, continues through many intervening terms of court, and for a period of five years after the court has rendered its final judgment therein. There is no necessary implication, from the statutes, that the certificate of importance upon which a writ of error may be issued, can be procured at any time within five years. There is but one such certificate provided for in the statute, and the statute does not expressly designate within what time it shall be petitioned for, but the certificate is applicable alike to appeal cases and to cases taken up on writ of error, and as in the one class of cases it must necessarily be applied for within twenty days, it is reasonable to presume the intention of the statute is that it should be petitioned for within that time in all cases.

The right to a writ of error is a common law right, but in this State that right has been qualified and limited by statute. The right to a writ of error from the Supreme to the Appellate Court, for the purpose of reviewing a judgment of the latter court where less than $1000 is involved, is not a matter of

28—126 Ill.

absolute right, but depends upon the circumstance whether a majority of the judges of that court, in the exercise of the sound and exclusive judicial discretion lodged in them, grant a certificate of importance, in conformity with the statute. Without such certificate is allowed, such case does not stand upon the same footing as a case involving $1000 or more, and the statute of five years' limitation for a writ of error has no application to it. In such case, without there is further judicial action set in motion in apt time, the *status* of the judgment, order or decree of the Appellate Court is that fixed for it by section 8 of the Appellate Court act,—it is final, and no appeal lies from it and no writ of error can be prosecuted therefrom.

After full consideration of the principles that govern in determining the jurisdictional powers of courts, and a careful examination of the statutes, we are of opinion that it is not the law or the legislative intention that a certificate of importance can be applied for and obtained at any time within five years after final judgment rendered in the Appellate Court. It is opposed to sound doctrine, and would be an anomaly in the law that a court could, without any notice to the adverse party, take judicial action in a cause or matter determined in such court, and exercise a purely discretionary power in respect thereto, at any time within five years after such cause or matter was finally disposed of by the judgment of such court. The rule contended for by plaintiffs in error would re-open, by the mere exercise of a discretionary power, litigations that were ended years before; would leave the rights and interests of parties litigant, and those dealing with them, in a precarious and uncertain condition for a long space of time, and would tend to complicate and endanger property rights and titles. Where the amount involved in a suit is $1000 or more, the party defeated in such suit has an absolute statutory right to a writ of error at any time within five years, and any person dealing with the adverse party has or may have notice of such right; but where the amount is less than $1000 there

is no such right, and third persons dealing with the successful party in such litigation could not well protect themselves against the contingency of a possible exercise of a discretionary power vested in the Appellate Court, and that might be set in motion and exercised at any time within five years.

The language of section 8 of the Appellate Court act seems to contemplate that the certificate of importance will be applied for and obtained immediately or shortly after the final judgment in the Appellate Court is rendered. It is in the present tense, and it provides that in case a majority of the judges shall be of opinion a case decided *by them* involves questions of law, etc., *they may*, in such case, grant appeals and writs of error to the Supreme Court. This language seems to indicate that it was intended the "opinion" that is to control in allowing or refusing a certificate is the opinion of a majority of the judges who participated in the decision of the particular case, that the case to be certified is a case "decided by them"— the judges who certify,—and that "they"—such judges—are to grant the appeal and writ of error. It is not reasonable to suppose that the legislature contemplated, that years after the final decision of a case, and when all the judges who took part in the decision made by the court had ceased to be members of the court, and had been succeeded by other and different judges, that then these other and different judges should have the duty imposed upon them of investigating the record adjudicated upon by their predecessors in office, for the purpose of ascertaining whether the case contained questions of such moment as that a certificate of importance should be issued. Nor is it reasonable to suppose it was intended that, even if there had been no change in the members of the court, the judges, long after the controversy had been decided and forgotten by them, were to have the duty devolved upon them of re-examining the record for the purpose of determining whether or not, in their opinion, a question of requisite importance had been involved in a litigation that years before had ended

in a judgment, the *status* of which judgment, as fixed by ex-
press statute, was, and for years had been, that of a judgment
which is final, and from which no appeal would lie, and in
respect of which no writ of error could be prosecuted.

In the case now before us, the final judgment of the Appel-
late Court having been rendered on the 24th of April, 1883,
and the certificate of importance not having been applied for
or granted until June 17, 1887, a period of over four years, and
many terms of the court having intervened, we are of opinion
that neither the Appellate Court nor a majority of its judges
had jurisdiction or authority, at this latter date, to grant the
certificate of importance found in this record, and that such
certificate was and is a nullity.

The motion of defendant in error to dismiss the writ of error
for want of jurisdiction in this court to entertain the same, is
sustained.

*Writ of error dismissed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate
Court, took no part in this decision.