EDWARD WILSON, Conservator,

*v.*

MAGDALENA SCOVILLE *et al.*

*Filed at Springfield January 21, 1889.*

1. APPEAL—*certificate of importance—whether necessary—and within what time to be given.* Where the amount involved in a suit is less than $1000, no appeal lies from the Appellate to the Supreme Court, except upon the certificate of the judges of the Appellate Court that the case is of such importance, on account of direct or collateral interests, that it should be passed upon by this court; and such certificate is a condition precedent to the perfecting of an appeal. This court will not, therefore, continue a cause brought before it by appeal from the Appellate Court, to enable the appellant to procure such certificate.

2. The Appellate Court has jurisdiction to grant a certificate of importance only for the period during which an appeal can be taken,—that is, twenty days after the entry of judgment.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. H. W. MASTERS, and Mr. D. ABBOTT, for the appellant.

Messrs. BARRERE & GRANT, and Mr. J. W. BANTZ, for the appellees.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This is a motion by the appellant for a continuance for the purpose of enabling him to obtain from the judges of the Appellate Court a certificate that the case is of such import- ance, on account of direct or collateral interests that it should be passed upon by this court. It is admitted that the amount involved is less than $1000, and that the case is not otherwise one of which this court can have jurisdiction without such certificate. We think the motion must be denied for two rea- sons. First, such certificate is a condition precedent to per- fecting an appeal, and if it were granted now, *ex post facto,* it would not have the effect to validate an appeal which has already been improvidently taken. Second, if this were other- wise, the judgment of the Appellate Court was rendered on the 25th day of May last, and as we have held in *MacLachlan* v. *McLaughlin,* 126 Ill. 427, the Appellate Court had jurisdic- tion to grant a certificate only for the period during which an appeal could be taken, that is twenty days after the entry of judgment. It is therefore now too late to apply to that court for a certificate, and a continuance for that purpose would be unavailing.

As it is apparent that this court has not and can not have jurisdiction, the appeal will be dismissed at the costs of the appellant, and leave is given him to withdraw the record for the purpose of returning it to the Appellate Court.

*Motion denied.*