The Indiana and Illinois Southern Railroad Company

|132   527|
|110a  1573|

*v.*

Mark Sampson.

*Filed at Mt. Vernon April 22, 1890.*

1. Appeal—*as to amount involved.* Where the action is one sounding in damages, and the Appellate Court affirms the judgment of the trial court, which is less than $1000, exclusive of costs, no appeal will lie from the Appellate Court to this court, except upon certificate of importance made within twenty days after final judgment.

2. Costs—*on dismissal of appeal, etc.* Where an appeal is taken or writ of error is improperly sued out to review a final judgment of the Appellate Court, and both parties file their arguments on the merits, without any motion to dismiss, this court, on dismissal upon its own motion, will require each party to pay his own costs.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Jasper county; the Hon. W. C. Jones, Judge, presiding.

Messrs. Harrah & Davidson, for the appellant.

Messrs. Fithian & Jack, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

The record from the Appellate Court shows that the judgment of affirmance in that court, from which this appeal is prosecuted, was entered on the 29th day of August, 1889. On the 19th of September, 1889, more than twenty days after the judgment was rendered, the following order was made:

"And now comes appellant, and prays an appeal in this cause to the Supreme Court of the State of Illinois; and it is ordered by the undersigned, judges of said court, that an appeal be allowed on the complainant giving bond, with approved security,—bond in the sum of $300, security to be approved by the clerk of this court.

"In witness whereof we have hereunto set our hands and seals this 19th day of September, A. D. 1889.

JESSE J. PHILLIPS, J.,   [Seal.]<br>OWEN T. REEVES, P. J.   [Seal.]"

This action is one sounding in damages. The judgment of the court below was less than $1000, exclusive of costs, therefore the judgment of the Appellate Court is final, unless a majority of the judges of that court have granted a certificate of importance, in conformity with section 8 of the Appellate Court act. (1 Starr & Curtis' Stat. chap. 37, p. 702.) There is nothing whatever in this record to show that any two members of the Appellate Court are of opinion that the case involves questions of law of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court. A certificate to that effect, made within twenty days after the rendition of final judgment in the Appellate Court, was a condition precedent to the taking of this appeal. (*MacLachlan* v. *McLaughlin,* 126 Ill. 427; *Wilson* v. *Scoville et al.* 127 id. 393.) We said in *Lewis* v. *Shear et al.* 93 Ill. 121: "Until the record shows, in some manner, that the party is entitled to an appeal, or to prosecute error to the Appellate Court, we are unable to take jurisdiction and decide cases from the Appellate Court." If we can entertain jurisdiction of this record, then any case may be brought from that court to this for review, notwithstanding the express limitation by statute.

The appeal was improperly allowed, and will be dismissed. Both parties having filed arguments, defendant in error making no motion to dismiss, each party will be required to pay his own costs in this court.

*Writ dismissed.*