JONATHAN R. McDOLE

v.

S. E. SHEPARDSON, Exr.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*forcible detainer does not involve freehold.* A proceeding in forcible detainer does not involve a freehold, so as to deprive the Appellate Court of jurisdiction, and the Supreme Court has no jurisdiction unless the sum or value involved exceeds $1000.

2. SAME—*amount involved must appear from record.* The amount involved, for the purposes of jurisdiction, must appear from the record or by certificate of the judges of the Appellate Court, and the Supreme Court cannot, on appeal, hear evidence to prove value, or take the averments in the pleadings as proof thereof.

*McDole* v. *Shepardson,* 53 Ill. App. 513, appeal from, dismissed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

R. G. MONTONY, and A. C. LITTLE, for appellant.

HOPKINS, ALDRICH & THATCHER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court :

In this case a motion was made by the appellee at the October term, 1894, to dismiss the appeal for want of jurisdiction in this court to entertain it, because it does not appear that the sum or value in controversy exceeds $1000.00, exclusive of costs. The motion was reserved for consideration upon the hearing of the cause.

The action is forcible detainer brought by appellee against appellant before a justice of the peace in Kane county to recover possession of a farm of about 230 acres in that county. Trial was had before the justice, resulting in judgment for plaintiff. An appeal was then taken

to the circuit court, where a jury was waived, and the cause was heard before the court without a jury, again resulting in a verdict for plaintiff. Upon appeal to the Appellate Court the judgment was affirmed. The present appeal is prosecuted from the judgment of affirmance entered by the Appellate Court.

A proceeding in forcible detainer does not involve a freehold. In such a proceeding the title cannot be called in question, but only the immediate right of possession is involved. (*Riverside Co.* v. *Townshend*, 120 Ill. 9; *McGuirk* v. *Burry*, 93 id. 118). Hence, a judgment in forcible detainer must be taken from the trial court to the Appellate Court for review, and not from the trial court to this court. (*Kepley* v. *Luke*, 106 Ill. 395). There being no freehold involved, the action of the Appellate Court in affirming such a judgment cannot be reviewed here, unless the sum or value involved exceeds $1000.00. (*McGuirk* v. *Burry, supra; Jordan* v. *Davis*, 108 Ill. 336). As a general thing, the amount involved will be determined by the rental value of the premises, and not by their salable value, or by the value of the improvements placed thereon. (*Flagg* v. *Walker*, 109 Ill. 494; *McGuirk* v. *Burry, supra*). The amount or value involved is a fact which must appear from the record, or by certificate of the judges of the Appellate Court. (*Piper* v. *Jacobson*, 98 Ill. 389). We can not hear evidence on an appeal to prove value, nor can we take the averments in the pleadings as proof of value. (*Morris, Admx.* v. *Preston*, 93 Ill. 215). Where the affidavit in a replevin suit, filed to procure the writ, states what the property replevied is worth, the fact of the value is thereby sufficiently made to appear from the record. (Id.)

In the case at bar, there is no judgment for $1000.00 or more, as is required by the eighth section of the act creating and defining the jurisdiction of the Appellate Courts, nor does it appear in any way from any of the findings or proofs in the record, or any certificate of the Appellate Court, that the sum or value involved in the lit-

igation is more than $1000.00; (*Lewis* v. *Shear*, 93 Ill. 121; *Hancock* v. *Tower*, 93 id. 150; *Piper* v. *Jacobson*, *supra*); nor is there any certificate of importance from the Appellate Court.

We are, therefore, of the opinion, that we have no jurisdiction to entertain this appeal.   The motion to dismiss is, accordingly, allowed.

*Appeal dismissed.*