WILLIAM S. MOORE *et al.*

*v.*

GRACE D. RICHARDSON.

*Opinion filed June 19, 1902.*

1. APPEALS AND ERRORS—*when Supreme Court cannot entertain an appeal in forcible detainer.* In the absence of a certificate of importance an appeal will not lie to the Supreme Court to review the decision of the Appellate Court in an action for forcible detainer by a landlord against a tenant, where the record contains nothing to show that the amount in controversy, which is the rental value of the premises, exceeds $1000.

2. SAME—*Supreme Court cannot hear proof of value on appeal.* On appeal to the Supreme Court from a judgment of the Appellate Court in a forcible detainer proceeding between landlord and tenant, the amount in controversy must appear from the record or by the certificate of the judges of the Appellate Court, and the Supreme Court cannot hear evidence on that question on appeal nor accept the averments of the pleadings as proof.

*Moore* v. *Richardson,* 100 Ill. App. 134, appeal dismissed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

This is an action of forcible detainer, brought originally by appellee, Grace D. Richardson, against appellants, William S. Moore and W. A. Wait, for possession of two lots at the south-east corner of Madison avenue and Sixty-fourth street in Chicago. The action was brought

before one justice of the peace in Cook county, and removed by change of venue to another justice of the peace. The trial before the latter resulted in judgment on June 19, 1899, in favor of appellee and against appellants. An appeal was taken from the judgment of the justice of the peace to the circuit court of Cook county by appellants. A trial was had before the court and a jury in the circuit court, which resulted in the return of a verdict by the jury on June 12, 1900, finding the appellants guilty in manner and form as stated in the complaint. A motion for new trial was entered and overruled, and thereupon upon the same day, to-wit, June 12, 1900, judgment was entered by the circuit court, ordering that appellee have restitution from appellants of the lots in question. For the purpose of reviewing this judgment of the circuit court a writ of error was sued out from the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court, and the present appeal is prosecuted from such judgment of affirmance.

EDWIN K. WALKER, for appellants.

PURNELL & TERWILLIGER, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

The complaint filed before the justice of the peace alleges that appellee is entitled to the possession of the lots in question, and that appellants unlawfully withhold the possession thereof from appellee. The only question involved in the case relates to the right of possession.

Appellant, Wait, was merely a sub-tenant, holding under appellant, Moore. Upon looking into the record, it appears that appellant, Moore, claims to have been a tenant of appellee, the owner of the property in question. The argument of the counsel of appellants proceeds upon the ground, that the relation of landlord and tenant existed between appellee and appellant, Moore.

The refused instructions, asked by appellants, and the refusal of which is urged as error on the part of the trial court, all proceed upon the theory that the relation of landlord and tenant existed between appellee and appellant, Moore.

An appeal will not lie to the Supreme Court to review the decision of the Appellate Court in an action of forcible detainer between landlord and tenant, where the record contains nothing to show that the sum or value in controversy exceeds $1000.00. (*McGuirk* v. *Burry*, 93 Ill. 118; *Jordan* v. *Davis*, 108 id. 336.) The amount involved in such an action will be determined by the rental value of the premises. (*McDole* v. *Shepardson*, 156 Ill. 383; *McGuirk* v. *Burry, supra; Jordan* v. *Davis, supra; Flagg* v. *Walker*, 109 Ill. 494). The amount or value involved must appear from the record, or by certificate of the judges of the Appellate Court. (*Piper* v. *Jacobson*, 98 Ill. 389). We cannot hear evidence on appeal to prove value, nor can we take the averments of the pleadings as proof of value. (*Morris* v. *Preston*, 93 Ill. 215).

In the case at bar, there is no judgment for $1000.00 or more, as is required by section 8 of the act, creating and defining the jurisdiction of the Appellate Courts, nor does it appear in any way from any of the proofs in the record, or any certificate of the Appellate Court, that the sum or value involved in this litigation is more than $1000.00. (*McDole* v. *Shepardson*, 156 Ill. 383; *Lewis* v. *Shear*, 93 id. 121; *Hancock* v. *Tower*, 93 id. 150; *Piper* v. *Jacobson, supra*). Nor is there any certificate of importance from the Appellate Court. Whatever proof there is in relation to the rental value of the premises, so far as we can discover from the record, shows such value to be less than $1000.00.

We are, therefore, of the opinion that we have no jurisdiction to entertain this appeal. Accordingly, the appeal is dismissed.     *Appeal dismissed.*