BRUNO RIZZO, Plaintiff in Error, *vs.* THE CATHOLIC ORDER OF FORESTERS, Defendant in Error.

*Opinion filed June 22, 1916.*

1. PRACTICE—*Practice act now governs removal of cases from Appellate Court to Supreme Court.* The entire subject of the removal of cases from the Appellate Court to the Supreme Court is now governed by section 121 of the Practice act, and any provisions of the Appellate Court act inconsistent with said section 121 are repealed thereby.

2. SAME—*on certificate of importance there must be an appeal and not a writ of error.* Under section 121 of the Practice act, as amended in 1909, cases in which the Appellate Court grants a certificate of importance may be removed to the Supreme Court by appeal, only, and not by writ of error.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding.

WILLIAM A. JENNINGS, and WALTER G. WALKER, for plaintiff in error.

EDMUND S. CUMMINGS, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error, Bruno Rizzo, as one of the beneficiaries of a policy of insurance issued to Francisco Caveleo, deceased, by defendant in error, the Catholic Order of Foresters, recovered a judgment for $1000 against said defendant in error. On appeal to the Appellate Court for the First District the judgment was reversed and a judgment *nil capiat* and for costs rendered against plaintiff in error in that court. Plaintiff in error (hereafter called plaintiff) petitioned the Appellate Court to grant a certificate of importance and an appeal to the Supreme Court. The Appellate Court, on January 18, 1913, granted the certificate of importance and appeal upon plaintiff entering into an ap-

peal bond in the sum of $250 within twenty days from that date. February 2, 1913, the appeal bond was filed in and approved by the Appellate Court. The appeal, however, was never perfected, but plaintiff, on December 6, 1915, sued out a writ of error from this court returnable to the February term thereof. The cause is therefore brought to this court by virtue of the writ of error and not by way of appeal.

Defendant in error (hereafter called defendant) has entered a motion to dismiss the writ of error on the ground that writs of error are not authorized in such cases. In support of plaintiff's contention that this court has jurisdiction to entertain writs of error in such cases we are referred to section 8 of the Appellate Court act and to *MacLachlan* v. *McLaughlin,* 126 Ill. 427. By section 8 of said Appellate Court act, in actions *ex contractu* where the amount involved is less than $1000, exclusive of costs, and in all cases sounding in damages where the judgment of the court below was less than $1000, exclusive of costs, and the judgment of the lower court was affirmed or otherwise finally disposed of in the Appellate Court, no appeal or writ of error was authorized for a review of the judgment of the Appellate Court by the Supreme Court, except that where a case decided by the Appellate Court involving a less sum than $1000, exclusive of costs, also involved questions of law of such importance that the case should be passed upon by the Supreme Court, the judges of the Appellate Court were authorized to "grant appeals and writs of error to the Supreme Court, on petition of parties to the cause; in which case the said Appellate Court shall certify to the Supreme Court the grounds of granting said appeal." Section 90 of the Practice act, which was enacted at the same session of the General Assembly that enacted the Appellate Court act, contained no provision upon the subject of appeals or writs of error in such cases. Whether appeal was the only method of removing cases from the Appellate to

the Supreme Court where the judgment was less than $1000 and the Appellate Court granted a certificate of importance, or whether a writ of error could be sued out of the Supreme Court for the review of the judgment after the granting of the certificate of importance, was before this court in *MacLachlan* v. *McLaughlin, supra.* It was there held the language of the Appellate Court act authorizing the Appellate Court to grant appeals and writs of error in cases involving less than $1000 was inaccurate, as the Appellate Court could not grant writs of error to the Supreme Court, but, notwithstanding the inaccuracy, it was said to be the plain intention that when a certificate of importance was granted, the petitioning party might sue out a writ of error from the Supreme Court or prosecute an appeal.

In 1907 the Practice act was revised and section 90 became a part of section 119 of the revised act. In 1909 section 119 was repealed and section 121 amended so as to embrace the subject of the removal of cases from the Appellate to the Supreme Court. Section 121 provided that the judgments of the Appellate Courts should be final in all cases where their jurisdiction was invoked, except where appeals and writs of error are required by the constitution to be allowed from the Appellate Courts to the Supreme Court, subject to two exceptions: "(1) In case a majority of the judges of the Appellate Court or of any branch thereof shall be of opinion that a case (regardless of the amount involved) decided by them involves a question of such importance, either on account of principal or collateral interests, as that it should be passed upon by the Supreme Court, they may in such cases grant appeals to the Supreme Court on petition of parties to the cause, in which case the said Appellate Court shall certify to the Supreme Court the grounds of granting said appeal. (2) In any such case as is hereinbefore made final in the said Appellate Courts, it shall be competent for the Supreme Court to require, by *certiorari* or otherwise, any such case to be certified to the

Supreme Court for its review and determination with the same power and authority in the case, and with like effect, as if it had been carried by appeal or writ of error to the Supreme Court: *Provided, however,* that in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages the judgment, exclusive of costs shall be more than one thousand dollars ($1000)."

But two methods are provided for the removal of cases from Appellate Courts to the Supreme Court for review by section 121. Regardless of the amount involved, appeals from judgments of the Appellate Courts are authorized upon certificates of importance granted by that court. In actions *ex contractu,* and in cases sounding in damages where the judgment, exclusive of costs, shall be for more than $1000, the Supreme Court may cause the case to be certified to it for review by writ of *certiorari.* These two methods for the removal of cases from the Appellate Courts to the Supreme Court for review are exclusive. The suit here being an action *ex contractu,* and the judgment not being for more than $1000, could only be brought to this court for review upon a certificate of importance and an appeal. The provision of the Appellate Court act authorizing the suing out of a writ of error in cases where the Appellate Court grants a certificate of importance is repealed by section 121 of the Practice act. The entire subject of the removal of cases from the Appellate Courts to the Supreme Court is now governed by the Practice act, and the provisions of the Appellate Court act upon the subject of appeals which are inconsistent with section 121 of the said Practice act are repealed by the said section. (*Lansingh* v. *Dempster,* 255 Ill. 161; *Atton* v. *South Chicago City Railway Co.* 236 id. 507.) In this case the judgment being for an even $1000, exclusive of costs, under section 121 of the Practice act, which repeals the provisions of the Appellate Court act authorizing a writ of error, could only be re-

viewed by the Supreme Court by appeal upon a certificate of importance granted.

The plain language of section 121 restricts the method of removing causes from the Appellate to the Supreme Court upon certificates of importance granted, to an appeal. That is the last expression of the intention of the legislature upon the subject, and is so plain and unambiguous in its terms that it cannot be construed to give the right in such cases to sue out a writ of error.

The writ of error must therefore be dismissed.

*Writ of error dismissed.*