ANNA DANFORTH

*v.*

GEORGE W. DANFORTH.

*Filed at Ottawa September 27, 1884.*

1. DEATH OF DEFENDANT *pending suit—entering judgment.* Where the court once acquires full jurisdiction, in a regular manner, during the lifetime of both parties, the death of the defendant after trial, but before judgment, will not abate the suit and render judgment against him void. At most it is but an irregularity.

2. DEATH OF PARTY *to a decree for divorce—as affecting the right of appeal by the survivor.* The party against whom a decree of divorce has been rendered has the right to have the same reversed for error, and this right is not defeated by the death of the other party pending the appeal or writ of error. The divorced wife may, after her husband's death, prosecute a writ of error to reverse the decree, and thereby be restored to all her rights as widow in the estate of her deceased husband.

3. ENTERING JUDGMENT *as of the trial term, at a subsequent term— intervening death of one of the parties.* Where a trial or hearing of a cause has been regularly had, and judgment is delayed by motion for new trial, or by the court taking the case under advisement, and one of the parties dies before the announcement of judgment, the court may direct the same to be entered as of the preceding term at which the trial was had. Its entry at the subsequent term is but an irregularity, and the judgment will not be void.

4. SAME—*amendment of record in that regard.* On appeal from a decree of divorce, and a refusal to open the decree and allow a defence, both parties, at the September term, 1882, submitted the cause to this court. The appellee died before the next term, at which time the opinion of the court was filed and judgment of reversal entered. The attention of the court was not called to the fact of the death of the appellee. At the September term, 1883, this court, on appellant's motion, amended the record of the judgment so as to make it appear as of the September term, 1882.

MOTION in this court to amend the record so as to give effect to the judgment as of a prior term.

On the 15th day of July, 1881, George W. Danforth filed his bill in the circuit court of Iroquois county, against Anna Danforth, his wife, to obtain a divorce, on the ground of extreme and repeated cruelty. Upon an *ex parte* hearing, the

circuit court found the defendant guilty of the charges in the bill, and decreed a divorce; and it appearing that the parties had agreed upon the amount the defendant was to receive in lieu of alimony, dower, and all other right, claim and interest which she then had or might have in, to and upon the complainant's estate, the court decreed her the sum so agreed upon. At a subsequent day of the same term the defendant entered her motion to set aside the decree, and that she be let in to defend the suit, for the reason the decree had been obtained by fraud, in which she had not participated. This motion the circuit court overruled, and the defendant appealed to the Appellate Court for the Second District. The Appellate Court affirmed the order and decree of the circuit court, and from that judgment of affirmance the defendant appealed to this court. After the argument and submission of the cause at the September term, 1882, on or about the 18th day of October, 1882, the said George W. Danforth departed this life intestate, leaving no relatives or heirs in this State, except Asa H. Danforth, a brother, and the appellant. No opinion was filed in the cause until March 28, 1883, when one was filed, and judgment was then entered reversing the decree of the Appellate Court. At the September term, 1883, being the next term after the opinion was filed, the appellant appeared and made her motion in this court to enter the judgment of March 28, 1883, as of the date said cause was taken under advisement by this court. Notice of the motion was given to all parties in interest, who appeared by counsel and resisted the motion.

Messrs. DOYLE & MORRIS, for the appellant:

Where one of the defendants dies after argument and before judgment, the decree will be entered so as to have relation back as of the day of the final hearing. *Campbell* v. *Meshin,* 4 Johns. Ch. 334; *Benson* v. *Wolverton,* 1 C. E. Green, 110; *Durham* v. *Dolling,* id. 310; *Bank* v. *Weisinger,* 2 Pet. 481.

The rule of law is the same where all the parties die, either plaintiff or defendant. *Vroon* v. *Ditmas*, 5 Paige, 528; *Wood* v. *Keys*, 6 id. 478; *Emery* v. *Parrott*, 107 Mass. 104. But an order of court is necessary. *Durham* v. *Dolling*, 1 C. E. Green, 310; *Ruckman* v. *Decker*, 12 id. 244.

Courts have allowed the application to be made by a third person, and the decree entered *nunc pro tunc*. *Stoney* v. *Saunders*, 1 H. & J. 341.

A decree *nunc pro tunc* is always admissible where a decree was ordered or intended to be entered, and it was omitted to be done only by inadvertence of the court. *Gray* v. *Brignardello*, 1 Wall. 627.

Where a judgment has been erroneously entered, the court may, at a subsequent term, from its minutes or other sufficient evidence, enter a *nunc pro tunc* order making the correction; and an affidavit setting up the facts which are uncontradicted, will be sufficient. *People ex rel.* v. *Quick*, 92 Ill. 580.

Where one of the parties dies after the submission of the cause, the court protects the party bringing the suit, from any prejudice he might suffer by the death of his adversary after the suit was submitted; and instead of permitting the action to abate, will direct the judgment to be given effect, if necessary, as far back as the day of the submission. (Freeman on Judgments, 57, 58.) Now, this is exactly in point, and all that is asked in the case at bar.

If jurisdiction is obtained by the court in lifetime, a judgment rendered after death is not void. Freeman on Judgments, sec. 140.

Mr. J. W. DOUGHERTY, for the administrator and heirs of George W. Danforth, contended that the appeal was only from the order of the circuit court refusing to set aside the decree of divorce,—not from the decree of divorce. That remains unquestioned, by appeal or otherwise.

The death of the appellee effectually put a stop to all further proceedings in the case, and the judgment rendered in this court is a nullity. *Life Association of America* v. *Fassett,* 102 Ill. 315.

There can be no right of action or defence surviving to the heirs or next of kin, in cases of divorce. The object of the suit is to dissolve the marital relation, and that having been ended by death, the suit then pending can not be revived. What can be gained by the entry of the proposed order? Appellant can not be restored to the condition of a *feme covert,* for the marital relation has been severed by death; nor can her property rights be affected, for the succession of the estate passed, at the time of appellee's death, to parties not now in court, and their interests can not be affected by a *nunc pro tunc* order of reversal. Freeman on Judgments, sec. 66; *McCormick* v. *Wheeler,* 36 Ill. 114.

If, as in *Smith* v. *Brittenham,* 88 Ill. 291, 94 id. 624, 93 id. 188, *Chicago* v. *Hall,* 103 id. 342, and *Thrifts* v. *Fritz,* 101 id. 457, only that part of the record is brought up by appeal which appertains to the motion to let appellant in to defend, then this court has no jurisdiction to reverse the principal decree, and it, notwithstanding an abatement or reversal of the order appealed from, will still stand in full force.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This cause was, at the September term, 1882, properly submitted to this court by the parties, for its final judgment, upon the merits. Both parties then being in life, this court thereby acquired complete jurisdiction over the parties and of the subject matter of the controversy, which was not divested by the subsequent death of the appellee. No question is made but that a judgment of this court, if made at that term, would have been valid and conclusive upon the parties properly before it. Formerly, the judgments of this court were

announced and entered of record only in term time, and usually at the term at which the causes were submitted, and opinions were afterwards prepared and filed. This practice was changed many years ago, and to avoid delays as far as practicable, a statute was passed authorizing the rendering and entering of judgments and orders in vacation in all cases which had been taken by the court under advisement.

The first question presented relates to the validity of the judgment of this court, as it now stands. Is it void for want of jurisdiction, or is it binding upon those succeeding to the estate of the appellee? Where the sole defendant is dead when the suit or writ of error is brought, it may be true that a judgment against the deceased defendant is a nullity, for the reason that the court never acquired jurisdiction of the cause. In such a case the court never acquires any authority to act or take any step. But that is not the case here. Here, the court, before taking any steps, was clothed, by the act of the parties and the law, with full jurisdiction and rightful authority to render the judgment it did. Did the death of the appellee,—not brought to the notice of the court by plea, suggestion, or otherwise,—deprive it of such jurisdiction lawfully acquired? We think not.

In *Reid* v. *Holmes,* 127 Mass. 326, the court say: "If the fact agreed, in the case stated, of the death of the defendant after the default and before judgment, is competent to be considered, it does not show that the judgment is absolutely void. The court, at the time of the bringing of the former action, had jurisdiction of the subject matter and of the parties, and might, after the death of the defendant, have rendered judgment against him as of a previous term. (*Kelley* v. *Riley,* 106 Mass. 339, 341; *Tapley* v. *Martin,* 116 id. 275; *Tapley* v. *Goodsell,* 122 id. 176, 181.) Or the judgment actually entered might, on motion of the plaintiff, have been amended so as to stand as a judgment *nunc pro tunc,* or have been vacated, and the administratrix summoned in to defend the

action." The court further say, even if the judgment was erroneous, and might be reversed for irregularity, yet neither party could collaterally dispute its validity,—citing *Hendrick* v. *Whittemore*, 105 Mass. 23; *Henderson* v. *Staniford*, id. 504; *Penhallow* v. *Doane*, 3 Dall. 54; *Warder* v. *Tainter*, 4 Watts, 270; *Yaple* v. *Titus*, 4 Pa. St. 195; *Evans* v. *Spurgin*, 6 Gratt. 107. The court further say: "In a similar case, Chief Justice TINDALL said, that while the judgment was suffered to exist on the rolls of the court without any application to set it aside, it could only be treated as a valid judgment; and that if any application were made, it should have been to the court in which the judgment was rendered, which had power to amend the proceedings, in order to obviate the alleged irregularity. *Bridges* v. *Smyth*, 1 Mo. & Sc. 93, 99; S. C. 8 Bing. 29, 32." The death of a party in a chancery case does not, *ipso facto*, abate the suit without any order of the court. *Cook's Exr.* v. *Turpin*, 10 B. Mon. 245.

In *Spaulding, Admr.* v. *Wathen*, 7 Bush, (Ky.) 662, an appeal was prosecuted to the Court of Appeals after the death of the appellant, without knowledge of his death,. and the judgment below reversed, and the court held that its judgment of reversal was not void, but binding, and say: "The death of John after judgment in the circuit court, and before the appeal was prosecuted, did not take away from this court the right to entertain it. Regularly, a personal representative should have been appointed, and the appeal prosecuted in his name; but we are not prepared to say the want of a personal representative renders void the appeal, and all proceedings had under the same. * * * Where a plaintiff dies pending his suit, his death may be pleaded in abatement, but the defendant may waive such plea, and permit the cause to be tried upon its merits, without revivor. The Supreme Court of Illinois held in the case of *Camden et al.* v. *Robertson*, 2 Scam. 508, that the death of one of the plaintiffs before the commencement of the suit was no bar to the

action, and could only be made available to the defendant by a plea in abatement setting up such fact; and in *Case* v. *Ribelin*, 1 J. J. Marsh. 30, in which the plaintiff in the circuit court died before judgment, this court held that the judgment was not void, and that it could only be corrected by the court in which it was rendered."

Freeman, in section 140 of his work on Judgments, says: "If jurisdiction be obtained over the defendant in his lifetime, a judgment rendered against him subsequently to his death is not void,"—citing in support of the text, *Collins* v. *Mitchell*, 5 Fla. 364; *Loring* v. *Folger*, 7 Gray, 505; *Coleman* v. *McAnulty*, 16 Mo. 173; *Yaple* v. *Titus*, 44 Pa. St. 203; *Day* v. *Hamburg*, 1 Browne, 75; *Gregory* v. *Haynes*, 21 Cal. 443. Again, in section 153, he says: "Even in such cases the judgment is simply erroneous, but not void. This is because the court, having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment; and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal, if the fact of the death appears upon the face of the record, or by writ of error *coram nobis*, if the fact must be shown *aliunde*."

In *Stœtzell et al.* v. *Fullerton*, 44 Ill. 108, the court, in speaking of the rule that the death of a party abates the suit, said: "This rule is not universal at common law, as appears from the case cited by appellee's counsel, (*Underhill* v. *Devereux*, 2 Saund. 72, note i,) as in a *quare impedit* by two, or in an *audita querela* by two, or in debt by two executors, when one was summoned and severed, and dies, the writ did not abate; and when one of two plaintiffs died before interlocutory judgment, but the suit went on to execution in the names of both, the plaintiff was permitted, even after a motion to set aside the proceeding for irregularity, to suggest the death of the other on the roll, and to amend the *ca. sa.*, without paying costs. (*Newnham* v. *Law*, 5 Term Rep. 577.) The statute

of 8 and 9 William III, chap. 11, as well as our own, was designed to prevent the abatement of any case where the ·cause of action would survive on the suggestion of the death, which suggestion is a matter· of form, and may be made by either party. The cases cited show that it has been often allowed to make the suggestion *nunc pro tunc,* and it should be allowed in furtherance of justice, and in support of the right. *Newnham* v. *Law, supra; Hamilton* v. *Holcomb,* 1 Johns. Cas. 29."

But it is urged, that conceding the foregoing to be good law, it has no application to a suit for a divorce. It is claimed that the death of either party puts an end to all further legal proceedings. This is true where the death takes ·place before any final decree of divorce. (*Ewald* v. *Corbett,* 32 Cal. 493; *Swan* v. *Harrison,* 2 Coldw. 534; *Pearson* v. *Darrington,* 32 Ala. 227.) But where a decree of divorce has been improperly obtained, and the proceedings are erroneous, the party whose property rights have been injuriously affected ·by such decree ought not to be concluded by reason of the subsequent death of the other party. While both parties live, a writ of error lies to reverse an erroneous decree of divorce, the effect of which is to restore both parties to their former *status* of husband and wife, in law, and after the death of one it ought to lie in favor of the other party, not for the same purpose, but to restore the survivor to his or her rights .of property divested erroneously by the decree. On the reversal of a decree of divorce, the parties will be placed in the ·position they occupied before the decree was entered, and if one of them has died between the date of the decree of divorce and its reversal, the survivor procuring the reversal will be entitled to all rights of succession or dower, and the like, in the estate of the other, the same as if no divorce had ever been had; but in such case the court need not ordinarily remand the case, as no other decree of divorce can ever be had.

This court has decided that a divorced wife, after the death of her husband, may prosecute a writ of error to reverse the decree of divorce, and thereby be restored to all her rights as widow in the estate of her deceased husband. (*Wren* v. *Moss et al.* 2 Gilm. 72.) In that case this court say: "The plaintiff in error complains that she has been injured by an erroneous decree. If so, she ought to find a remedy by writ of error, for although by the death of the complainant the parties were divorced, and no further proceedings could be had, yet the mode of effecting the same object by a decree will, if erroneous, unjustly deprive the plaintiff in error of all right in dower or interest in the personalty. It is plain, therefore, that she may be greatly aggrieved by the decree, if erroneous. If aggrieved, she ought to find a remedy by appeal or writ of error." The writ of error in that case was so framed as to bring before the court all persons whose interests might be affected, as has been done here, by notice.

If, then, the appellant could have prosecuted her appeal or writ of error to reverse the decree of divorce even after her husband's death, and thus remove the bar of that decree to the assertion of her property rights as widow of the deceased, no reason is seen why she may not do the same thing where her husband dies after the appeal is taken or writ of error brought, and after the cause is submitted. The most that can be said of the entry of final judgment after the death of the appellee is, that it was irregular and informal. No valid objection can be urged to its substantial justice. If the procedure was informal, it seems no objection was taken to the same by either party, and the attention of this court was not called to the fact of appellee's death. Until objection was made to the judgment, appellant might have remained passive; but we see no good reason why the informality may not be corrected in the mode suggested by the appellant,—by directing the amendment of the record so as to show the entry of the judgment of a date prior to appellee's

death.   This we clearly have the power to do in furtherance
of justice.

In *Wood* v. *Keyes et al.* 6 Paige, 478, the court said:   "It
being understood by the court that the complainant's *cestui
que trust* has died since the hearing of this cause, the decree
must be entered as of the 20th of April, 1836; and in case
the trust is at an end, the suit must be properly revived in
the name of the person who has succeeded to the complain-
ant's rights, if further proceedings in the cause shall be found
necessary."   In *Perry* v. *Wilson*, 7 Mass. 393, it was held
that where an action is delayed for the convenience of the
court, they will take care that no body suffers by such delay.
Therefore, when, after a continuance, by order of court, for
advisement, the defendant in the action died, judgment was
entered as of the former term.

Where an action on a statute was tried before its repeal
took effect, and a verdict rendered for the plaintiff, and ques-
tions of law were reserved, which, after the repeal took effect,
were decided in favor of the plaintiff, the court ordered judg-
ment to be entered on the verdict as of a day previous to the
going into operation of the repealing act.   *Springfield* v. *Wor-
cester*, 2 Cush. 52,—citing Bingham on Judgments, 95, 96;
*Key* v. *Goodwin*, 1 Moore & Scott, 620; *Ryghtmire* v. *Dur-
ham*, 12 Wend. 245; *Perry* v. *Wilson*, 7 Mass. 395.

Where a plaintiff was non-suited at the trial, and who
applied for a new trial, *died* while the cause was *sub judice*,
and a new trial was eventually denied, the defendant was
permitted to enter judgment as of the term succeeding the
non-suit, the plaintiff then being in full life.   *Spalding* v.
*Congdon*, 18 Wend. 543.   To the same effect, see *Currier* v.
*Lowell*, 16 Pick. 170; *Tooker* v. *Duke of Beaufort*, 1 Burr.
147; *Oades* v. *Woodward*, 1 Salk. 87; Tidd's Practice, (1st
Am. ed.) 846; *Tapley* v. *Martin*, 116 Mass. 275; *Mead* v.
*Mead*, 1 Mo. App. 247; *Webber* v. *Webber*, 83 N. C. 280;
*Boyd* v. *Boyd*, 38 Pa. St. 241; *Jennings* v. *Ashley*, 5 Pike,

128; *Pool* v. *Loomis,* id. 110; *Davies* v. *Davies,* 9 Ves. Jr. 461; *Hess* v. *Cole,* 3 Zabr. 116.

But it is urged that the judgment of this court in reversing the judgment of the Appellate Court can have no effect to restore appellant to her rights as widow of her deceased husband. It is claimed there were entered two distinct and separate decrees in the circuit court,—the one for the divorce, and the last refusing to set aside the decree of divorce and allow the appellant to defend,—and that she appealed only from the latter, and not from the decree of divorce, and therefore the appellate court can reverse only the order denying her an opportunity to defend, leaving the decree of divorce in full force. This court decided that the circuit court erred in refusing to set aside the decree of divorce, and upon that ground reversed the judgment of the Appellate Court, and remanded the cause. This is equivalent to remanding with directions to reverse the order of the circuit court overruling the motion to vacate the decree, and to remand the case to the circuit court, with directions to the circuit court to allow the motion and vacate the decree.

The motion to amend the record in this court will be allowed, and the record of the judgment amended so as to make it appear as of the September term, 1882. When the case comes before the Appellate Court under this record as amended, formal regularity will require the death of appellee to be suggested, and that his legal representatives be made parties thereto.

*Motion allowed.*