# Rachel Davies

### v.

# George Coryell & Co.

*Practice—Principal and Surety—Action on Bond—Death of Party—Judgment.*

1.  A court can not, at a given term, annul a judgment of dismissal entered at a previous term, without the consent of the parties thereto.

2.  Attorneys must be ready with their evidence when a trial is on.  A refusal to wait longer than a reasonable time for the production of evidence is proper.

3.  Where a court once acquires full jurisdiction in a regular manner during the lifetime of the parties to a given suit, the rendering of judgment after a suggestion of the death of one of them will be an irregularity merely, and the judgment will be held valid on a collateral attack, such as an action on an appeal bond, given on appeal by deceased from the judgment of a justice.  It would be an error which could be corrected on a direct review of the judgment.

[Opinion filed January 16, 1891.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. M. L. Thackaberry, for appellant.

There is not, and never has been, any pretense whatever that any summons issued against the heirs or legal representative of said defendant Harris.  The Supreme Court of the State of Illinois, in the case of James B. McCall et al. v. Jacob Lesher et al., 2 Gilm. 47, say:  "The bringing of them (the heirs or legal representatives) before the court was an indispensable condition to the final decision of the case.  They are to be served with process in the same manner as in the case of original defendants."  The foregoing statement being the law, the order dismissing the appeal of said Harris, on the 26th day of June, 1888, was absolutely void, and so recognized by the court when the matter was afterward called to his attention, and ordered the appeal to be reinstated, thereby making the order of June 26th an absolute nullity.

Again, there is not the slightest evidence that there ever was an execution issued against the said defendant, A. B. Harris, after the dismissal of the appeal on June 26, 1888, but said plaintiffs at once began a new suit in justice court against said A. B. Harris (although they knew she was dead) and the appellant herein. But it seems unnecessary to us to go into any discussion of these points, or the law bearing on them, as we believe the law to be thoroughly settled in cases of this kind, and that a judgment against a deceased person, under the circumstances in this case, is void. But the real question in this case is, that there never was any judgment authorizing the commencement or the maintaining of this case upon said appeal bond.

On the 10th day of October, 1888, the same judge who of his own motion dismissed the appeal, set aside the order of dismissal and reinstated said appeal, and afterward, on the 12th day of November, on motion of defendant's attorney, dismissed the plaintiffs' suit, thereby leaving said plaintiffs no right or cause of action of any nature against this appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellees.

In the case of Hake v. Strubel, 121 Ill. 324, the court say as to the power and jurisdiction of the court over the parties, and its records after the expiration of the term at which a final order of disposition has been made : "It seems to us the question of power is not an open one, or the rule of practice doubtful. When the February term, 1886, of the St. Clair Circuit Court, ended by final adjourning, the record was closed and the presiding judge lost control over it. Up to that time the record had remained under his control, and might be changed by him according to his judicial will; but when once the term of court had ended, the record of the court, as made in term time, became fixed and unalterable except as it might be changed in the modes and manner known to law. This principle is fundamental, requiring no citation of authority in its support, and any departure therefrom would inevitably entail consequences dangerous to the administration of justice and injurious to all litigants." We will not burden

Davies v. Coryell & Co.

this court with the citation of further authorities; hence the entry of, and the pretended orders, under date of October 10 and November 12, 1888, attempting to reinstate and then dismiss the suit, are without power or authority, and are null and void and of no effect, and not binding in any respect upon the plaintiff therein, as the same were made without his knowledge or consent, and at the third term of court after the case had been finally disposed of.

And though the appellant here contends that the court could not dismiss the appeal, as appears in the record, page 21, for the reason that the plaintiff was alleged to be dead, yet unblushingly offers to this court a record of the dismissal of that suit, entered four months after the order complained of and years after the alleged death, which recites: "Thereupon, on motion of said defendant, by his attorney, it is ordered by the court that the suit be dismissed," for the purpose of showing that A. B. Harris prosecuted her suit with effect, and therefore appellant is not liable upon the bond.

In other words the original defendant, A. B. Harris, *was dead* when the appeal was dismissed, but *was alive* for the purpose of dismissing the suit.

Wherefore appellees respectfully contend:

1. That there is no evidence in this record binding upon appellees to show that A. B. Harris is dead or died prior to the dismissal of the appeal in the original suit or was properly suggested of record so as to avail appellant.

2. That if there was such evidence it would not affect the liability of appellant for the reason that the record does show that the original suit in which the bond herein was given was not prosecuted with effect in accordance with its terms, nor was said judgment or costs ever paid.

3. That the court had no jurisdiction over the parties or the subject-matter when it attempted to reinstate the case originally dismissed, nor had the attorney or her surety upon the bond any standing in that case for that purpose, and the order so rendered is null and void, hence not competent evidence in this case and not binding upon appellees.

4. That the record does disclose that the appeal in which

the bond here sued on was given was not prosecuted, but was dismissed for want of prosecution, and that the original judg. ment recovered and the damages and costs entailed upon the appellants have not been paid, and in good conscience, in justice, in equity and fairness to all, the judgment of the Superior Court should be affirmed in each and every respect.

MORAN, P. J. This is an appeal from a judgment rendered against appellant in an action on an appeal bond on which she was surety.

The defense consists of an attack on the validity of the judgment rendered in the case of Coryell v. Harris, in which the appeal bond was given. It is shown by the record of the Circuit Court that the appeal in said case of Coryell v. Harris was dismissed with *procedendo* for want of prosecution, on June 26, A. D. 1888.

Another order appears on October 10, 1888, which recites that on motion of the attorney for the surety on the appeal bond the order of June 26th, dismissing the appeal, is set aside and vacated and held for naught, and said appeal reinstated, and subsequently, on November 12th, is an order that said case is reached for trial, and plaintiffs not being present, the suit is dismissed for want of prosecution at plaintiffs' costs.

The order dismissing the appeal was entered during the June term, and the court was wholly without power to annul said judgment of dismissal at the subsequent September term, without the consent of the parties to said judgment.

What right or authority the court had to attempt to set aside its judgment of a former term, without even the formality of notice to the parties to the record, but on motion of the attorney for the surety in the appeal bond, counsel for appellant has not suggested. Such order, as it appears on the record, was, at the time it was made, clearly beyond the power of the court, and therefore absolutely void. It follows that the order of November 12th, dismissing the suit, is of no effect, for there was at that time no suit in court to dismiss.

It is urged that the judgment dismissing the appeal was void, for the reason that, before said judgment was entered, the appellant in said appeal case was dead.

Davies v. Coryell & Co.

An affidavit was introduced in evidence in which it is sworn that said appellant Harris died November 9, 1885, but there is nothing to show that said affidavit was ever brought to the attention of the Circuit Court. Counsel on the trial in the court below stated to the court that he had sent for the record of the Circuit Court to show that the death of said appellant Harris had been suggested, but the court, after waiting some time for the production of such record, declined to wait any longer, and such action of the court is complained of. We see nothing to criticise in the court's refusing to wait longer, after he had already waited a reasonable time. Attorneys must be ready with their evidence when the trial is on. Courts can not be unreasonably delayed. The public business must be dispatched, and parties and their counsel can not be allowed to obstruct it by lack of proper diligence.

But if it had been shown that the death of said Harris was suggested before the judgment of dismissal was rendered, it would not avail the defendant in this case. The court got jurisdiction of the parties and subject-matter in said case of Coryell v. Harris by virtue of the appeal. Having jurisdiction, a judgment rendered after a suggestion of the death of a party would be an irregularity merely, and the judgment would be held valid on a collateral attack, such as is here made upon it. It would be an error which could be corrected on a direct review of the judgment. Danforth v. Danforth, 111 Ill. 236, and cases there cited.

There is no error which authorizes the reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*