## William A. Chatterton v. William W. Chatterton et al.

### Gen. No. 13,112.

1. DIVORCE—*effect of death of complainant upon right to review decree of.* A writ of error to review a divorce proceeding may be prosecuted after the death of the complainant in the bill who secured the decree.

2. DIVORCE—*what desertion essential as ground for.* The desertion essential to the granting of a decree of divorce is a desertion which is wilful and without reasonable cause; a mere absence unaccompanied with a design or intent not to return is insufficient.

3. APPEARANCE—*function of, where entered in lieu of service of summons.* The entry of appearance performs no other function than would service of process.

4. DEFAULT—*when prematurely entered.* A default should not be entered against a defendant who has filed his appearance in lieu of service except at a term commencing at least ten days after the entry of such appearance.

5. DEFAULT—*how judgment predicated upon premature, reviewed.* Where a default is prematurely entered and a judgment rests upon such default after the lapse of the term at which the judgment is rendered, a writ of error is the only method by which a review of the judgment may be obtained.

6. CERTIFICATE OF EVIDENCE—*when presumed to contain all the evidence heard.* Where the decree entered recites that the certificate of the evidence heard has been filed, it will be presumed, in the absence of any finding in the decree that other evidence was heard, that the certificate in question contained all the evidence actually heard.

Divorce proceeding. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1906. Reversed. Opinion filed March 18, 1907.

THOMAS M. HEADEN, for plaintiff in error; GEORGE I. HAIGHT, of counsel.

WHEELOCK, SHATTUCK & NEWEY, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a writ of error sued out to review a decree

of divorce obtained by the wife of plaintiff in error against him by default, on the alleged ground of desertion. The wife has since died, and the defendants in error are the heirs at law of the wife and the beneficiaries under her will, the executor thereof and a purchaser of real estate from the wife subsequent to the decree.

A motion to dismiss made by defendants in error was reserved to the hearing, and is denied.

The record shorn of the motion to dismiss presents three points for our consideration and determination:

First. Whether in a divorce proceeding a writ of error can be prosecuted subsequent to the death of the complainant in the bill securing the decree.

Second. Was the entry of plaintiff in error's default premature? and

Third. Does the evidence support the decree?

The first proposition seems to have been settled in this state in favor of the right to maintain a writ of error to review a decree of divorce after the death of the party in whose favor the decree was rendered, and that on review such decree can be reversed if erroneous with like effect as it could were the deceased party still in life. This question was so settled in Wren v. Moss, 2 Gilm. 72, followed in Danforth v. Danforth, 111 Ill. 236, and not since overruled or attempted to be distinguished in any later case. It must therefore be regarded as the settled law of this forum on that subject.

In Danforth v. Danforth, *supra,* the court say: "This court has decided that a divorced wife, after the death of her husband, may prosecute a writ of error to reverse the decree of divorce," and then quote the following from Wren v. Moss, *supra*: "The plaintiff in error complains that she has been injured by an erroneous decree. If so, she ought to find a remedy by writ of error, for although by the death of the complainant the parties were divorced and no further proceedings could he had, yet the mode of effecting the same object by a decree will, if erroneous, unjustly de-

prive the plaintiff in error of all right to dower or interest in the personalty. It is plain, therefore, that she may be greatly aggrieved by the decree, if erroneous. If aggrieved she ought to find a remedy by appeal or writ of error." The writ of error in the Wren case was prosecuted, as here, by bringing before the court all parties whose interests might be affected by a reversal. Wren. v. Moss, 1 Gilm. 560, was a motion for a writ of error and *scire facias.* A decree for divorce had been granted the husband, and the question of alimony reserved to the succeeding term of court, before which latter time the husband died and the suit abated. Thereupon the wife applied for a writ of error to reverse the decree of divorce and a *scire facias* against the executor of Wren's will, and the motion was allowed. The further report of the case in 2 Gilm., *supra,* was confined to a motion for a rule upon the defendants to join in error, and the motion was allowed. No further proceedings in this case are discoverable in the reports, and it becomes largely an authority of decisive character by the adoption of its reasoning and the legal principle announced in Danforth v. Danforth, *supra,* so that until some decision of the Supreme Court overrules the legal principle set forth in the Wren and Danforth cases, it must be regarded as controlling and decisive of the right here claimed.

Second. If the default of the defendant was entered prematurely, the question of its effect upon the subsequent proceedings in the cause becomes important.

Martha S. Chatterton, then the wife of plaintiff in error, on January 30, 1904, filed her bill for divorce in the Circuit Court against plaintiff in error on the specified statutory ground of desertion. A summons in chancery thereupon issued, which was returned by the sheriff February 15, 1904, "Not found." On the next day after this return, viz., February 16, 1904, plaintiff in error entered his appearance by his solicitor, Fran-

cis W. Walker. This was a plain appearance without any condition waiving notice or consent to the entry of a default. On March 9, 1904, the default of plaintiff in error was entered of record, and on March 24, 1904, a decree of divorce on an *ex parte* hearing was granted.

The bill was filed and summons issued returnable to the February term of the Circuit Court. The appearance of plaintiff in error was entered at that term, and his default was also entered at the same February term. The hearing and the decree were had and entered at the next March term *ex parte* and without any notice or further appearance of plaintiff in error.

The entry of appearance at the February term had the same and no other or greater effect than service of process during that term would have had. It simply was a substitute for service of the summons, and stood in its place. Under the statute a defendant cannot be compelled to plead unless served with process ten days before the first day of the term at which the summons is returnable. If neither service of process is had nor appearance entered within that time, the cause stands for pleading and trial at the next succeeding term, so that when plaintiff in error entered his appearance at the February term, under the statute and the interpretation placed thereon by the courts, he could not be held to be in default until the March term.

In Flagg v. Walker, 109 Ill. 494, it is held that a party waived no right of entry of appearance at the term to which the suit was brought, but that such appearance stood in the place of service of process as at the time of its entry, and that a party by so doing was not subject to a compulsory trial at that term of court. Sheridan v. Beardsley, 89 Ill. 477.

In construing those sections of the statute relating to appeals from justices of the peace—which in relation to service of process and appearance is as to time the same as in original causes—it was held in Camp v. Hogan, 73 Ill. 228, that jurisdiction of the person and power to proceed with the trial of the cause

could only be acquired by either service or entry of appearance ten days before the first day of the term at which a trial is demanded, and the court said: "This is the plain and, it seems to us, unmistakable meaning of the statute, and we are at a loss to see how any other construction can be placed on these sections. The language is so plain that it will not bear construction and to hold otherwise would be a palpable violation of a plain, unambiguous provision of the statute."

These observations are equally as cogent here.

Section 8, chapter 110, R. S. Starr & Curtis ed., provides that in the case of a summons "not served ten days before the return day thereof, the defendant shall be entitled to a continuance, *and shall not be compelled to plead before the next succeeding term.*"

This court decided in Leopold v. Steel, 41 Ill. App. 17, in a case where one of the parties in an attachment not being served with process entered an appearance, and judgment by default was entered against the appearing defendant and the co-defendants who were served with process in apt time at the same term the appearance was entered, that the default as to the appearing defendant was premature, and that at best the appearance was only equivalent to service on the day of its entry, and as the defense was a unit, the judgment was reversed as to all. Camp v. Hogan, 73 Ill. 228; Hoes v. Van Alstyne, 16 Ill. 384; Maher v. Title Guarantee & Trust Co., 95 Ill. App. 365.

Where a default has been prematurely entered and a judgment rests upon such default after lapse of the term at which the judgment is rendered, a writ of error is the only method by which a reversal of the judgment may be obtained. Maple v. Havenhill, 37 Ill. App. 311.

Third. The decree recites that "the court having heard the testimony in open court in support of the said bill of complaint, *a certificate of which evidence is filed herein,*" and finding the certificate of the testimony taken in the record, and in the absence of any finding in the decree that other testimony was heard by

the chancellor than that appearing in the certificate of evidence, it will be assumed that no other evidence was tendered or heard by the court on the trial.

The ground upon which the divorce was sought is desertion. The statute, R. S., chapter 40, section 1, on this subject is: "Wilfully deserted or absented himself or herself from the husband or wife without any reasonable cause for the space of two years." Section 8 of this same statute provides that the cause of divorce shall be "fully proven by reliable witnesses." The right to a divorce upon the grounds here charged does not rest in absence, living apart, or the going away from the marital complainant into another State, but the desertion must be wilful, without reasonable cause, and continue for two years. We have searched the certificate of evidence without being able to discover the testimony of any one witness supporting the material requirements of the statute. The wife did not testify that the desertion, if such it was, was wilful or without reasonable cause, or that her husband's absence was with design or intent not to return. That there was any quarrel or disagreement between them at the time of his departure, the record does not state. That after parting he did not support her, is the evidence of the wife, but she says he did this indifferently while they lived together. She also says that the last six years he drank to excess, but she did not seek a divorce on the ground of drunkenness. As long as they lived together she says they were happy. All she testifies to in relation to desertion is that she "resided with the defendant as husband and wife until four years ago last May, and since that time we have not lived together." (R. p. 15.) Where he went to at this time, if away from Chicago, does not appear, but it does appear from her testimony that when they parted she went to Brooklyn and there lived until the following January. For aught the record shows to the contrary, she may have left her husband against his will and without his consent. She went away from Chicago, and whether her husband was

in Chicago when she returned, to live with her father, does not appear, for the next time she discloses the whereabouts of her husband she says he was in California and within two months preceding the commencement of her divorce suit, she says she had a letter of condolence from him upon the death of her father. He was a publisher, she testifies, and the last time she heard from him he was working in a printing office in Los Angeles, California. The evidence of the other witnesses was to the effect only that the parties had not lived together for about four years prior to the trial. It is apparent from this recitation from the evidence that the cause alleged for divorce finds no support in the proof on the crucial point, viz.: that the husband was guilty of wilful desertion without a reasonable cause. Can such a decree be sustained on review?

Curlett v. Curlett, 106 Ill. App. 81, is an authority that in a default divorce case the averments of the bill must strictly comport with the requirements of the statute, and that the proof must support the material averments of the bill. Failing so to do, the decree will be reversed on writ of error.

Suesemilch v. Suesemilch, 43 Ill. App. 573, and Kline v. Kline, 104 Ill. App. 274, construe section 8 of the Divorce Statute as requiring two witnesses to the facts constituting the grounds of divorce.

In Kennedy v. Kennedy, 87 Ill. 250, it was held that the duty of the wife was to go to the new home established by her husband, and for aught we may gather from the proof, the wife disregarded her duty in not joining her husband in California.

It was also declared in the Kennedy case, *supra,* that the intention of the party absenting himself has a large, if not a controlling influence in determining whether or not the desertion charged is wilful. Unless the proof establishes the fact of desertion with intention not to return, there will be no desertion or abandonment within the meaning of the Divorce Act. No such proof is found in this record.

The rights of plaintiff in error as the surviving husband of his wife, Martha S. Chatterton, on the reversal of the divorce decree are not before us for adjudication. As to such rights, if any, we express no opinion.

As Martha S. Chatterton is dead, and no further steps can be taken in the cause in the court below on the authority of Danforth v. Danforth, *supra,* and Barret v. Gaston, Breese 196, there will be no need to remand the cause.

For the error committed in defaulting plaintiff in error on his appearance prematurely, and because the proof fails to sustain the material averment of wilful desertion charged in the bill, the decree of the Circuit Court is reversed.

*Reversed.*