## Hattie Dickey, Appellee, v. Charles E. Dickey, Appellant.

Opinion filed July 26, 1929.

RALPH COOK, for appellant.

DANIEL R. WEBB, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an appeal from an order denying the petition of appellant to vacate a decree of divorce entered in the city court of East St. Louis granting to appellee a divorce from appellant.

Appellee filed a bill for divorce on November 3, 1928, during the September term of the city court. Appellant was not served with summons but entered his appearance in writing on the day the bill was filed and a decree entered.

On November 10, 1928, during the said September term of the city court, appellant filed his petition and motion to vacate and set aside the decree, alleging that

appellant was misled and misinformed as to the grounds of the divorce and that he signed the entry of appearance with the understanding that appellee would prove her case; that in the bill filed by appellee she charged appellant with adultery, giving no person or persons, or stating any time when said occurrence took place. The petition alleged that there were no witnesses heard in support of the bill of complaint except complainant, and that while appellant's entry of appearance shows that one T. S. Morgan represented him in his case that he did not request or employ the said Morgan to represent him; that after the decree was entered appellant went to the bank in St. Louis where he and his wife had a joint account and found that on October 25, 1928, she had withdrawn from the bank all the money in the joint account amounting to $342.75; that she had taken from the safety deposit box a $100 Liberty Bond and a $2,000 mortgage, half of which appellant claimed belonged to him. The petition prayed that the divorce decree be set aside because it was obtained by fraud, misrepresentation and collusion. There is no record preserved of any testimony taken at the time the decree was entered.

On the hearing on petition to vacate the decree appellant testified that he signed the entry of appearance in the court room; that he had no lawyer to represent him; that Mr. Webb, who represented the complainant, called him to his office about the first of November and told him his wife was trying to get a divorce; that she did not have any grounds to get a divorce and she didn't know what to do about it; that appellant did not agree at that time to sign an entry of appearance and nothing was said at any time about a property settlement. Appellant further testified that when appellee got her divorce he was sitting in the court room; that she was in the judge's room and only Mr. Morgan, Mr. Webb and the judge were present; that he did not see

any other witnesses; that Mr. Morgan afterwards gave him a copy of the decree and he then went to the bank and found that his mortgage, Liberty Bond and money had been taken from the bank; that he did not admit to any one that he had committed adultery; that he did not pay anyone to represent him but on the morning the case was heard Mr. Webb brought Mr. Morgan up and introduced him and told appellant that Morgan was going to intercede for him; that he did not know Morgan before he came to the court room and that the arrangements with Morgan were made by Mr. Webb.

Appellee testified that she had left half of their joint account in the bank; that the mortgage belonged to her and that appellant knew all about the divorce going to be granted and that they had talked it over some days before.

After hearing the testimony the court entered an order denying the motion and petition to set aside decree.

The decree for divorce recited that the complainant appeared by Daniel R. Webb, her solicitor, and that the defendant having entered his appearance in writing and having failed to answer complainant's bill of complaint in compliance with the standing rules of court, on motion of complainant's solicitor, the court entered a default against the defendant for failing to answer, plead or demur to complainant's bill of complaint and the same was taken as confessed.

The entry of appearance signed by appellant was entitled to the September term, 1928, of the city court and is as follows:

"I, Charles E. Dickey, defendant in the above-entitled cause, do hereby enter my appearance in said cause to the present September, 1928, Term of said court, hereby waiving service of process of summons herein and consenting that any and all order may be made by said Court and entered in said cause, as fully

and as completely as if I had been duly and regularly served with process of summons at least ten days before the first day of said present September, 1928, Term of said court.

(Signed)   Charles E. Dickey,<br>Defendant.

T. S. Morgan,
Solicitor for Defendant.''

The entry of appearance signed by appellant did not purport to authorize the entering of any default against appellant or for any hearing of the cause without further notice to appellant. The record does not show that any rule was entered against appellant to plead or that there was any standing rule of court which would authorize the court to enter a default upon the mere filing of appellant's written appearance. The question of the power of the court to enter a default where a plain appearance is entered during term time is passed upon and discussed in the case of *Flagg v. Walker*, 109 Ill. 494, and it was held that the case having been commenced in term time the defendant could not be compelled to submit to a trial of the cause at the same term.

In the case of *Chatterton v. Chatterton*, 132 Ill. App. 31, it was held that the entry of appearance which did not contain any condition waiving notice or consenting to the entry of a default had the same effect that service of process would have during the term at which the entry of appearance was filed; that the entry of appearance was simply a substitute for service of summons and stood in its place and that under the statute a defendant cannot be compelled to plead unless served with process ten days before the first day of the term to which the summons is returnable.

We are of the opinion that the trial court erroneously and prematurely entered default against appellant and that in view of the facts shown in this

record as to the hearing and disposition of the divorce case it was the duty of the trial court to grant appellant's petition to set aside and vacate the decree of divorce.

Accordingly, decree and order of the court below is reversed and the cause remanded with directions to set aside and vacate the decree of divorce entered in said cause.

*Reversed and remanded with directions.*