King City Building & Loan Association, Defendant in Error, v. William H. Green, Plaintiff in Error.

Heard in this court at the February term, 1930. Opinion filed May 28, 1930.

CONRAD SCHUL, for plaintiff in error.

ALBERT WATSON and GILBERT & GILBERT, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Plaintiff in error gave defendant in error a mortgage on certain real estate to secure a loan. The mortgage contained a provision by which plaintiff in error authorized any attorney at law to waive the issue, service and return of process and to enter his appearance in any suit brought to foreclose the mortgage, to waive the right of appeal, and to waive and release errors in such proceeding. Defendant in error filed its bill to foreclose the mortgage during the July Term, 1929, of the circuit court and on the day the bill was filed, an attorney, purporting to act under the power in the mortgage, entered the appearance of plaintiff in error and waived the right of appeal and released all errors in the proceedings. The court entered a decree of foreclosure on the day the bill was filed.

The written entry of appearance by the attorney as aforesaid did not purport to authorize the court to hear the cause at the term at which it was filed. The premises were sold under the decree and upon the coming in of the master's report of sale a deficiency decree for $9,155.31 was rendered against plaintiff in error.

If plaintiff in error had been served with a summons on the day the bill of foreclosure was filed, no one would contend that he could be forced to a trial at the July Term of court. In the absence of an agreement to the contrary the case could not be heard until the succeeding term. That would also be true if plaintiff in error had signed the entry of appearance himself, where the bill and appearance are filed during a term of court, unless he would agree to submit to a trial of the cause at that term. The fact that the appearance of plaintiff in error was entered by an

attorney purporting to act under the power in the mortgage, would not in any way change the situation. At the time the decree of foreclosure was entered the court had no jurisdiction over plaintiff in error that would authorize a hearing at the July Term of court. The decree was premature. *Flagg v. Walker,* 109 Ill. 494; *Chatterton v. Chatterton,* 132 Ill. App. 31; *Dickey v. Dickey,* 254 Ill. App. 234.

It has been said, many times, that even though there is a release of errors in a judgment by confession, a defendant may avail himself of jurisdictional defects by suing out a writ of error. *Hinds v. Hopkins,* 28 Ill. 344; *Burns v. Nash,* 23 Ill. App. 552; *Little v. Dyer,* 35 Ill. App. 85; *Krickow v. Pennsylvania Tar Mfg. Co.,* 87 Ill. App. 653.

In 1887 the legislature passed an act to enable parties to avoid delay in the administration of justice, Cahill's St. ch. 110, ¶ 26. It contained a provision that any two or more persons might appear in any circuit court in Cook county and submit to any judge thereof, orally and without formal pleadings, any matter in controversy, if they would first enter into a written agreement, to be entered of record, and substantially in the form set out in the statute. That form contained a waiver of the right of appeal and a release of all errors that might intervene in the hearing of the matter submitted and in the entering up of the judgment or decree. A case arose under that statute in which the court said: "It is, of course, true, that if the court did not have jurisdiction to render the decree no recital in the record that plaintiff in error had released all errors would avail." *Farwell v. Sturges,* 165 Ill. 252-275.

Where a court is without jurisdiction to render judgment on an award, the fact that the submission agreement waives and releases all errors that may intervene in the entry of said judgment, and waives the right of appeal or writ of error, will not deprive a

defendant of his right to have the judgment reversed on appeal. *Duffy v. Odell,* 117 Ill. App. 336; *In re Ames Farmer Canning Co.,* 190 Iowa 1259, 179 N. W. 105.

We find it unnecessary to decide whether the power contained in the mortgage is valid and binding upon plaintiff in error. Assuming, without deciding, that it is valid, the appearance entered in pursuance thereof was wholly insufficient to give the court jurisdiction to hear the cause and enter a decree of foreclosure during the July term of court. It necessarily follows that the decree of foreclosure and the deficiency decree. must be reversed and the cause remanded.

*Reversed and remanded.*